## Miskey *versus* City of Philadelphia.

1. The price of land taken for the Fairmount Park as agreed upon with the commissioners, bears interest from the day of the confirmation of their report by the court, not from the date of the agreement.

2. Acts of March 26th 1867 and April 14th 1868, relating to Fairmount Park, distinguished.

February 28th and March 1st 1871.   Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ.   READ, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* to January Term 1869, No. 369.

This was an action of debt brought to June Term 1869, by William F. Miskey against The City of Philadelphia.

The facts of the case are as follows, viz. :—

The plaintiff, owning a piece of land within the limits of Fairmount Park, on the 19th of June 1868 agreed with the park commissioners, who had appropriated the same under the Act of March 26th 1867, on the price of $45,000, to be paid therefor by the city.   The commissioners reported this sale and purchase to the Court of Quarter Sessions, who, on the 13th of November 1868, confirmed the report.   On the 6th of April 1869, plaintiff received $45,000, and brought this suit to recover the balance, alleging that the price bore interest from the date of his agreement with the commissioners.   The Court of Quarter Sessions had, previously to the payment on account, adjudged that the plaintiff was entitled to interest from the date of the confirmation of the report, and the District Court, after a verdict for the larger amount, $2175, gave judgment on points of law reserved for $1115.10, the balance due after the payment of April 9th 1869, calculating interest only from the date of the confirmation of the report of the commissioners, with interest on that balance to the date of verdict.   The plaintiff brought this writ of error, and assigned for error, not entering judgment for the plaintiff for the whole amount of the verdict.

*J. C. Longstreth* and *H. C. Townsend,* for plaintiff in error.— By the 10th section of the Act of April 14th 1868, Pamph. L. 1083, upon confirmation by the court, the valuation was made forthwith payable by the city.   The debt bore interest from the time it was contracted, not from the time it was confirmed: City *v.* Dyer, 5 Wright 463; Penna. Railroad Co. *v.* Cooper, 8 P. F. Smith 408; Delaware, Lackawanna and Western Railroad Co. *v.* Burson, 11 Id. 369; Estate of Bank of Pennsylvania, 10 Id. 471.

*C. H. Jones,* for defendant in error, cited Act of April 21st 1855, § 7, Pamph. L. 266; City *v.* Dickson, 2 Wright 247; City *v.* Dyer, 5 Id. 463; Owners of Land *v.* City, Leg. Int. 77;

Stewart v. County, 2 Barr 340; Act of April 21st 1869; Pamph.
L. 1196.

The opinion of the court was delivered, May 8th 1871, by

SHARSWOOD, J.—In this case the plaintiff in error, being an
owner of land appropriated for the Fairmount Park, agreed with
the commissioners for the price on the 19th of June 1868. The
report thereof to the Court of Quarter Sessions was duly con-
firmed on the 18th day of November 1868. The learned court
below held that the amount thus agreed upon bore interest not
from the date of the original agreement but from the confirma-
tion. In this we think they were entirely right. These proceed-
ings were all subsequent to the passage of the Act of April 14th
1868, Pamph. L. 1083, the 10th section of which declares that
" whenever any report of the said commissioners shall have been
confirmed by the court, the valuation made shall be forthwith
payable by the city of Philadelphia." It was certainly within the
power of the legislature so to provide, and it would be contrary to
all rule to make the city liable for interest upon a demand before
it is by law payable. It will be observed that there is a marked
difference between this language and that employed in the Act
of March 26th 1867, Pamph. L. 547, under which Haley v. The
City, antea p. 45, has just been decided. In coming to an agree-
ment as to the valuation both parties must have known that it
was subject to the approbation of the court when alone it would
have become payable, and they must be considered to have
regulated their terms accordingly.

Judgment affirmed.