WALTER S. RICHARDS *vs.* GIDEON RICHMAN AND WALTER D. PROUSE, trading as RICHMAN AND PROUSE.

*Foreign Attachment—Pleading—Special Counts—Common Counts—*
*Contract—Real Estate Broker—License—Services in Procur-*
*ing Contract—Witness; Impeachment of—Variance—*
*Objection When Made—Proof of Special Contract—*
*Jury to Determine.*

1.  In an action brought to recover for services rendered by the plaintiff to the defendant for which it is alleged the defendant agreed to pay, and where the declaration contained not only counts upon such agreement but also the common counts, even if the jury believes there was no agreement upon the part of the defendant to pay the sum claimed, or any other sum, the plaintiff would be entitled to recover upon the common counts such sum as they believe the services rendered were reasonably worth.

2. Even though it does not appear from the evidence that the plaintiff was licensed to engage in, or carry on, the business of real estate broker in the State where the contract is alleged to have been made, the defendant would not be entitled for that reason to a verdict if there is nothing in the evidence to show that a real estate broker is required under the law of that State, to have a license in order to carry on the business, and there is no averment in the pleadings that the plaintiff was acting as a licensed real estate broker in the transaction of the business in question.

3. A real estate broker is entitled to his compensation or commission, either on a *quantum meruit*, or under the express terms of the contract of agency, whenever he procures for his principal a party with whom the principal is satisfied and who actually makes a contract with the principal at a price acceptable to the principal, provided the broker was the procuring cause. It is not essential that the plaintiff should have been actually required by the defendant to bring him in touch with the parties with whom he contracted. It is sufficient if the plaintiff, with the consent of the defendant, brought the contracting parties together and was thereby the procuring cause of the contract.

(*February 17, 1905.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Robert H. Richards* and *R. R. Vale* (of the Philadelphia bar), for plaintiff.

*Levin Irving Handy* for defendant.

Superior Court, New Castle County, November Term, 1906.

FOREIGN ATTACHMENT CASE (No. 54, November Term, 1903).

The facts appear in the charge of the Court below, and in the opinion of Supreme Court following same.

PENNEWILL, J., charging the jury:

Gentlemen of the jury:—This is an action brought by Walter S. Richards, the plaintiff, against Gideon Richman and Walter D. Prouse, trading as Richman and Prouse, the defendants, for the recovery of the sum of $1490.50, claimed to be due and owing from

the defendants for services rendered by the plaintiff in the month of March, 1903.

The plaintiff, a real estate broker of the city of Philadelphia, claims that on or about March 9th or 10th, 1903, he secured or arranged a meeting between the defendants and the Landlith Improvement Company or its representative, which meeting resulted in the defendants' securing a contract for the erection of 127 buildings in this city at or near the corner of Vandever Avenue and Spruce Street; and that in return for such service the defendants verbally agreed with the plaintiff that they would pay him one per cent. of the gross amount of the said contract, that is to say, one per cent. of the total amount of the moneys advanced for the purchase of the ground and construction of the houses, and secured by mortgages upon the properties covered by the contract. The plaintiff further claims that the total amount of moneys so advanced and so secured was the sum of $149,050.00, and that his commission, under said agreement, amounts to the sum of $1490.50, that being one per cent. of said sum.

The defendants deny that they ever at any time agreed to pay the plaintiff the commissions claimed by him, or any sum whatsoever; and also deny that he was in any manner instrumental in securing the contract for the erection of the houses aforesaid. They insist, on the contrary, that the service for which the plaintiff is seeking to recover from them in this action was performed by another person, and one who had no connection or relation at all with the plaintiff.

There are several counts in the plaintiff's declaration, some of them averring that the defendants agreed with the plaintiff that they would pay him the commissions claimed in consideration of his having brought them in contract with the parties with whom they made the contract for the erection of said houses, and thereby enabling them to secure the said contract.

The declaration contains also the common counts for work and labor performed, and services rendered by the plaintiff for the defendants in and about the business aforesaid; and upon these counts,

even should you believe that there was no agreement upon the part of the defendants to pay the commissions claimed, or any other sum, the plaintiff would be entitled to recover such sum as you believe from the evidence the services he rendered were reasonably worth to the defendants, provided you are satisfied from a preponderance of the evidence that he did render services which resulted in the defendants' securing the said contract.

We have been asked by the defendants to charge you that inasmuch as it does not appear from the evidence that the plaintiff was licensed to engage in, or carry on, the business of a real estate broker in Pennsylvania at the time he claims to have contracted in that capacity to serve the defendants, that such contract, if it was made, is not therefore entitled to have applied to it the construction attached to the contract of a licensed real estate broker in Pennsylvania. We will say in response to this request that there is nothing in the evidence to show that a real estate broker is required, under the law of that State, to have a license in order to carry on said business and there is no averment in the pleadings that the plaintiff was acting as a licensed real estate broker in the transaction of the business in question.

It is not essential to the plaintiff's recovery in this action that he should have been actually requested by the defendants to bring them in touch with the Landlith Improvement Company. If you believe that the plaintiff, with the consent of the defendants, brought the contracting parties together, and was thereby the procuring cause of the contract actually made between the defendants and said company, then the said plaintiff would be entitled to such commissions as he may have proved the defendants had agreed to pay him for the procuring of such contract ; or in the absence of such proof as to the payment of commissions, to such compensation as the jury may think he reasonably deserves for the procuring of such contract.

A real estate broker is entitled to his compensation or commission, either on a *quantum meruit,* or under the express terms of the contract of agency, whenever he procures for his principal a party with whom the principal is satisfied and who actually makes a con-

tract with the principal at a price acceptable to the principal, provided that the broker was the procuring cause.

*Seabury vs. Fidelity, etc., 205 Pa., 234 ; Sweeny vs. Oil Co., 130 Pa., 193 ; Keys vs. Johnson, 68 Pa., 42 ; Edwards vs. Goldsmith, 16 Pa., 43 ; In re Gibson Estate, 161 Pa., 177 ; Hipple vs. Laird, 189 Pa., 472 ; Reed vs. Reed, 82 Pa., 420.*

But if you believe from the evidence that some person other than the plaintiff performed the service that the plaintiff claims to have performed, which was the procuring cause of the contract made between the defendants and the Landlith Improvement Company, and that there was no agreement by the defendants to pay the commissions claimed ; or in other words, if you are not satisfied that the plaintiff did perform the service he claims to have performed, and do not believe the defendants agreed to pay the plaintiff the said commissions, he would not be entitled to recover anything in this case, and your verdict should be in favor of the defendants.

We say to you that in order for the plaintiff to recover at all in this case, you must be satisfied from a preponderance of the evidence that he is entitled to recover.

If you find the evidence conflicting upon any material point it is your duty to reconcile it if you can, and if it is irreconcilable you should accept as true such evidence as you believe most entitled to credit, taking into consideration the character of the witnesses, their apparent fairness and accuracy, their disinterestedness and all the other circumstances of the case as disclosed by the evidence.

Verdict for plaintiff for $1635.43.