## SCHWEYER *v.* JONES.

1. TRIAL—INSTRUCTIONS—CHARACTERIZATION OF EVIDENCE — SUPPORT FROM TESTIMONY.

Error is not assignable upon a portion of the charge upon the theory that it states facts prejudicial to appellant which have no support in the evidence, where the court in the instruction complained of was stating the claim of the appellee and was not characterizing the evidence, and appellee's claim, as stated by the court, is supported by testimony.

152 MICH.—16.

2. SAME—REQUESTS TO CHARGE—NECESSITY OF GIVING.
   No error arises from refusal to give requested instructions on points fully covered in the general charge.

3. PRINCIPAL AND AGENT—UNDISCLOSED PRINCIPAL — CONTRACTS —REMEDY OF PARTY.
   Where a simple contract is made by a duly authorized agent without disclosing his principal, and the other contracting party afterwards discovers that the person with whom he dealt was not the principal, he may abandon his right to look to the agent personally, and resort to the principal.

4. SAME—EXISTENCE OF AGENCY—QUESTION OF FACT.
   Where there is testimony to support the claim of plaintiff that defendant's husband, to whom plaintiff sold the goods for the price of which the suit was brought, was in fact defendant's agent, which fact was undisclosed to plaintiff at the time, a motion to direct a verdict for defendant is properly denied.

5. EVIDENCE — ADMISSIONS — DECLARATIONS OF AGENT —ABSENCE OF PRINCIPAL.
   In an action against a wife for the value of goods sold to her husband, plaintiff claiming that she was his undisclosed principal, a conversation with the husband, several months after the transaction, in the absence of defendant, is not admissible.

Error to Wayne; Brooke, J. Submitted January 13, 1908. (Docket No. 44.) Decided April 1, 1908.

Assumpsit by John Schweyer and Rudolph T. Kienle, copartners as John Schweyer & Co., against Louisa L. Jones for goods sold and delivered. There was judgment for plaintiffs, and defendant brings error. Reversed.

*Choate & Webster*, for appellant.

*Moore & Moore*, for appellees.

MOORE, J. Plaintiffs, by their agent, sold to E. E. Jones, husband of the defendant herein, a bill of liquors. Plaintiffs sued E. E. Jones in justice's court, took judgment, filed a transcript in the circuit court, and, after an execution was returned unsatisfied, filed a judgment creditor's bill. Later E. E. Jones filed a petition in bank-

ruptcy and plaintiffs made due proof of claim in those proceedings. Afterwards plaintiffs commenced suit in justice's court against the defendant, which case was appealed, after judgment, to the circuit court, where a verdict and judgment were rendered against her. The case is brought here by writ of error.

It was the claim of plaintiffs that when the liquors were sold, their agent, and they also, supposed the husband of the defendant was the owner of the hotel and business, and that he was doing business on his own account, and for his own advantage, and that it was not until shortly before commencing this suit that they learned the defendant was the owner of the hotel and business, and that her husband was conducting the business as her agent, and when they learned what the fact was they sued her as the undisclosed principal of her husband.

The claim of defendant is that her husband was in fact the owner of the business and not her agent, and that the credit was extended to him and not to her.

Defendant assigns error upon a portion of the charge of the court upon the theory that it stated facts prejudicial to the defendant, which had no support in the evidence. We do not reach the same conclusion from reading the charge as do counsel. The judge was stating to the jury the claim of the plaintiffs, and was not characterizing the evidence. There was testimony tending to sustain the claim of plaintiffs as stated by the judge.

Complaint is made of the refusal of the court to give certain requests of defendant. The court fully covered that feature of the case in his general charge.

Complaint is made because the court declined to direct a verdict in favor of defendant. In 1 Am. & Eng. Enc. Law (2d Ed.), p. 1139, it is said:

"It may be stated as a general rule, that where a simple contract is made by a duly authorized agent, without disclosing his principal, and the other contracting party afterwards discovers that the person with whom he dealt

was not the principal, he may abandon his right to look to the agent personally, and resort to the principal."

The cases cited in the notes sustain the quotation made. In this case there was a conflict of testimony which made it a proper case for the jury.

The plaintiffs were allowed to introduce the testimony of a witness to a conversation with the husband of the defendant had several months after the transaction, the court saying that "anything which occurred between the witness and either Mr. or Mrs. Jones, I will admit whether Mrs. Jones was present or not." This is directly contrary to the rule stated in *Coldwater Nat. Bank* v. *Buggie*, 117 Mich. 416.

Judgment is reversed, and new trial ordered.

GRANT, C. J., and BLAIR, CARPENTER, and McALVAY, JJ., concurred.