**BALL v. FILBA et al.†**

(Court of Civil Appeals of Texas. Austin.
Jan. 8, 1913. Rehearing Denied
Feb. 12, 1913.)

1. TRIAL (§ 194*)—INSTRUCTIONS—PROVINCE
OF COURT AND JURY—WEIGHT OF EVIDENCE.

In a suit to remove cloud and quiet title to
160 acres of land, based on the 10-year stat-
ute of limitations, a charge that plaintiffs
claimed title to the land because of possession
and occupation under claim of right, with a
statement of defendant's pleadings and an ap-
plication of the law to the facts, which were
undisputed, was not objectionable as a charge
upon the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 413, 439–441, 446–454, 456–466; Dec.
Dig. § 194.*]

2. ADVERSE POSSESSION (§ 114*)—EXTENT OF
POSSESSION—SUFFICIENCY OF EVIDENCE.

Evidence, in an action to remove cloud and
quiet title to 160 acres of land out of a larger
tract, based upon the 10-year statute of limi-
tations, *held* to support a finding for plaintiffs
for 160 acres, including improvements.

[Ed. Note.—For other cases, see Adverse
Possession, Cent. Dig. §§ 682–690; Dec. Dig.
§ 114.*]

3. QUIETING TITLE (§ 49*)—IMPROVEMENTS—
POWER OF COURT.

Under Rev. St. 1895, arts. 3343, 3344,
barring an action for recovery of lands against
one having peaceable and adverse possession
thereof for 10 years, and providing that such
possession shall embrace not more than 160
acres, including improvements, the court, un-
der a petition in a suit to remove cloud upon
and to quiet title to 160 acres of land out of
a larger tract, based on the 10-year statute of
limitations, and in the event that the land de-
scribed could not be set apart to them to set
apart 160 acres of the tract, including their
improvements, on evidence warranting a finding
for plaintiffs for 160 acres, might so partition
the land as to award them two sets of improve-
ments.

[Ed. Note.—For other cases, see Quieting
Title, Cent. Dig. §§ 98, 99; Dec. Dig. § 49.*]

4. APPEAL AND ERROR (§ 703*)—TRANSCRIPT
—INSTRUCTIONS.

Assignments of error in the refusal to give
certain special charges cannot be considered,
where the transcript does not contain such re-
quested charges.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 2931; Dec. Dig. § 703.*]

Appeal from District Court, Freestone
County; H. B. Daviss, Judge.

Action by W. J. Filba and others against
P. D. C. Ball. Judgment for plaintiffs, and
defendant appeals. Affirmed.

W. R. Boyd, of Teague, and Joe A. Wor-
sham, of Dallas, for appellant. Simkins &
Simkins, of Corsicana, for appellees.

RICE, J. This was a suit brought by
appellees against appellant to remove cloud
and quiet title to 160 acres of land out of
the Aguillera 11-league grant in Freestone
county, basing their right to do so upon the
10-year statute of limitation, describing the
land sought to be recovered by metes and
bounds, and asking that the land so describ-
ed be set aside to them, but, in the event that
this could not be done, that the court should

set aside to them 160 acres out of said grant,
including their improvements.

Defendant pleaded the general issue. It
appears from the evidence that in January,
1895, W. J. Filba, one of the appellees here-
in, and one G. M. Lawson moved upon the
Aguillera grant, with the intention of claim-
ing title to 160 acres each by virtue of the
10-year statute of limitation; that they
each built a house and placed in cultivation,
the former some 20 acres, and the latter
about 10 acres, using, cultivating, and claim-
ing the same as their own. Before the ex-
piration of 10 years, however, Filba acknowl-
edged, in writing, the ownership of the land
in others, agreeing to pay rent therefor; but
there was no such acknowledgment on the
part of Lawson, who, in 1900, sold his claim
to Filba, and Filba thereafter claimed the
same as his own by reason of this purchase
continuing to use, cultivate, and pay taxes
thereon for the full period of 10 years prior
to the institution of this suit.

There was a jury trial, resulting in a ver-
dict and judgment in behalf of plaintiffs, from
which this appeal is prosecuted.

[1] The first error assigned complains of
that portion of the charge wherein the court
undertook to set out the contentions of plain-
tiffs, urging that the same was a charge up-
on the weight of evidence. The part of the
charge so assailed reads as follows: "Plain-
tiffs claim title to said 160 acres, first, be-
cause of the fact that said W. J. Filba went
into possession of same, or a part thereof, in
January, 1895, and occupied and used the
same since said date; second, from the fact
that one G. M. Lawson went into possession
of said land or a portion thereof, and oc-
cupied and used same, and claimed same as
his own, for about five years from January,
1895, until in the year 1900, when the plain-
tiff W. J. Filba bought his interest in and to
said land and the improvements placed there-
on by said Lawson, and has occupied and
used the same since." The charge then pro-
ceeds, after stating the pleadings of the de-
fendant, to apply the law to the facts. There
is no merit in appellant's contention, for the
reason that the facts recited were undisputed
and besides it is evident that the court was
merely outlining the theories upon which
plaintiffs based their claim; and the jury, in
our judgment could not have been misled
thereby, when the entire charge is consider-
ed, for which reason this assignment is over-
ruled.

The court, in the first part of its main
charge, instructed the jury that plaintiffs
could not recover anything based upon the
Filba claim, for the reason that he had, in
March, 1899, acknowledged, in writing, that
the land claimed by him belonged to other
parties, agreeing to pay rent therefor; and
it is insisted that by reason thereof the court
erred in a subsequent portion of said charge,

wherein the jury were instructed that, if, they should find for the plaintiffs under the instructions theretofore given, their verdict should be, "We, the jury, find for the plaintiffs 160 acres of land, a part of the 303-acre tract of land originally sued for in this cause, and that said 160 acres shall include the improvements placed on the land by the plaintiffs, and those under whom they claim," because said charge is contradictory of the first paragraph above set out.

[2, 3] The facts warranted the jury in finding for plaintiffs for 160 acres of land, including the improvements, based on the Lawson claim, and the charge complained of did not authorize them to find for anything more. It is true that it did state that if they found for plaintiffs that they should include the improvements placed on the land by plaintiffs and those under whom they claim. It would seem to us that it would be immaterial whether this 160 acres, so awarded by the court to plaintiffs, should embrace the Filba improvements, as well as those made by Lawson, because the court had the right, we think, in equity, to so partition the land between plaintiffs and defendant as to award them both sets of improvements. The allegations of the petition were, in our judgment, such as to give ample authority to the court to so partition the land as to award the tract described in the pleadings to plaintiffs, title to which had vested in them, under the facts in evidence, by virtue of articles 3343 and 3344 of the Revised Civil Statutes; and the court therefore did not err in rendering judgment of partition, awarding same to them, as urged by appellant. See Louisiana & T. Lumber Co. v. Kennedy et al., 103 Tex. 297, 126 S. W. 1110; L. & T. Lumber Co. v. Stewart et al., 130 S. W. 199.

[4] Appellant's third and fourth assignments complain of the refusal of the court to give certain special charges therein set forth. These assignments, however, cannot be considered by us, for the reason that the transcript does not contain any such requested charges, the refusal of which is made the basis of these assignments.

The remaining assignment complains that the verdict of the jury is contrary to the law and the evidence. After a full consideration of the entire record, we are inclined to think that the evidence is ample to sustain the verdict of the jury.

Finding no error in the proceedings of the trial court, its judgment is affirmed.

Affirmed.