## McGILVRAY v. SPAULDING.

No. 27294. Dec. 14, 1937.

Rehearing Denied Jan, 25, 1938.

Clayton B. Pierce, Truman B. Rucker, and Harold Sullivan, for plaintiff in error.

A. F. Moss and H. R. Young, for defendant in error.

PHELPS, J. In the nighttime the defendant was driving his automobile northward along South Lewis avenue in the outskirts but within the corporate limits of the city of Tulsa. Beside him was a lady with whom he was keeping company, and immediately to her right, making the third person in the front seat, was the plaintiff, an invitee. They were on a pleasure drive.

The pavement itself was 18 feet wide, and it was bordered on either side by a dirt strip, commonly called the shoulder. Out on this shoulder, and about eight or nine feet from the east edge of the pavement, was a line of telephone poles. This was to the right of the car, as it was being driven north. It had been raining heavily during the afternoon. According to the defendant's testimony it was "sprinkling" at the time of the accident, and the pavement was wet and "slippery."

Another car passed the defendant's, in which direction the record does not show. There was no contact between the cars. Immediately thereafter the defendant's car left the pavement, got onto the shoulder, and started toward one of the telephone poles, at which time the plaintiff closed her eyes. The right side of the car collided with the pole. The plaintiff's elbow or right arm had been resting upon or protruding from the right window opening; it came in contact with the telephone pole, receiving serious and permanent injuries. for which she recovered a verdict and judgment.

The first proposition urged in the defendant's appeal is that there is no evidence of actionable negligence. He calls attention to the plaintiff's testimony to the effect that he had been driving carefully and that no one had made any objection to his manner of driving; that his lights were burning; that his windshield wiper was working; that he had both hands on the steering wheel; that the door handle was not knocked off; that the damage to the car was slight. He further lays stress on his own testimony, which was not disputed, that the front wheels suddenly skidded on the slick pavement, that he then applied the brakes, and that this caused the rear wheels to slide sideways into the pole. He calls attention to the fact that no evidence in the case charges him with any overt act or omission connected with the manner in which he was controlling the car. He cites and quotes from many respectable authorities to the effect that skidding in and of itself does not constitute negligence, since it is a thing that often happens on the highway without negligence of the driver. On the other hand, the plaintiff cites authority to the contrary, at least to the extent that skidding is sufficient to invoke the doctrine of res ipsa loquitur, and the reasoning in this line of cases is founded upon the assumption that ordinarily an automobile does not skid if properly managed and controlled, and that therefore whether the defendant's explanation is sufficient to meet the prima facie case thus made by plaintiff is a question of fact for the jury.

We do not rule on either of those contentions, for there is one further fact, not yet stated, which makes such ruling unnecessary. There is evidence in the record from which the jury might have believed that the defendant was driving 40 miles per hour. We do not pronounce that a negligent speed as a matter of law, nor yet may we say as a matter of law that it was not a negligent speed. All we may say is that, under the circumstances of the case, the slickness of the pavement, the degree of visibility, the condition of the traffic, the condition of the shoulder, the proximity of the poles, the crowded condition in the front seat, the topography, the evenness or roughness of the road, the straightness or crookedness of the road's course, and under the other facts, if any, affecting solution of the question, reasonable men might differ as to whether 40 miles per hour was safe under said circumstances. That the speed did have some connection with the rapidly moving chain of events leading up to the injury and the extent thereof must of course be accepted as probable. In connection with this question, see, also, Purity Ice Cream Co. v. Morgan, 180 Okla. 484, 71 P. (2d) 727.

It therefore appears that this is not a case involving mere skidding "of itself." The driver regulated the speed. Should we interfere with the verdict of the jury on this phase of the case, then it would be interesting to consider what we should do were the speed 45, 50, or 60 miles per hour under the same circumstances.

Whether the plaintiff was guilty of contributory negligence, there having been some evidence on the question, is taken entirely

from our consideration by section 6, article 23, Oklahoma Constitution, providing that the defense of contributory negligence shall in all cases whatsoever be a question of fact and shall at all times be left to the jury.

The defendant's next contention is that the trial judge erred in giving to the jury a certain instruction beginning in this manner:

"The defendant states that the car skidded, that at the time the car skidded he was driving and operating the same with ordinary care. The plaintiff states that while she was riding in the car she was exercising ordinary care for her own safety. The court will state to you that the question of whether or not the defendant was exercising ordinary care. * * *"

We do not copy the remainder of the instruction, for it correctly stated the law on the question, and defendant complains only of the first two sentences in the instruction. He says that this was a comment on the weight of the evidence, contrary to the rule in this state.

We fail to comprehend how counsel can consider this a comment on the weight of the evidence. It merely states what the claim of each party is, or, rather, the summary of such claim. It was as fair to one side as the other. This has nothing to do with the weight of the evidence. However apparent the truth of this assertion may be, we are not without authorities on the question. In Hart v. Fresno Traction Co. (Cal.) 167 P. 885, the 4th syllabus is:

"The mere fact that the court began an instruction 'it is claimed by plaintiff' did not make the instruction one on matters of fact. * * *"

In Richards v. Richmond (Del.) 64 Atl. 238, the rule is stated in the 3d syllabus:

"An instruction merely correctly stating plaintiff's claims, without expressing any opinion as to their justice or legality, is proper."

In Hadlock v. Brooks (Mass.) 59 N. E. 1009, syl. 4, it was said:

"An instruction stating the contention of a party is not erroneous as being an instruction on the facts."

See, also, Neal v. Caldwell (Mo.) 34 S. W. (2d) 104; Ball v. Filba et al. (Tex.) 153 S. W. 685; Schweyer et al. v. Jones (Mich.) 115 N. W. 974; Bryce v. Cayce (S. C.) 40 S. E. 948; Johnson Bros. v. Storres-Schaefer Co. (Ala.) 140 So. 885.

The remaining proposition involves the refusal of the trial judge to give the jury certain requested instructions of the defendant. We have carefully examined each of them. Several of them, if given, would have violated the rule announced in Southwestern Cotton Oil Co. v. Fuston, 173 Okla. 185, 47 P. (2d) 111, as follows:

"In automobile accident case, instruction that certain state of facts, if found to be true, constituted contributory negligence held properly refused in view of constitutional provision making question of contributory negligence one of fact for jury."

The gist of the remaining requested instructions was adequately incorporated in the instructions which the judge did submit to the jury, and there is no complaint that those instructions did not fairly and completely state the law.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, CORN, GIBSON, HURST, and DAVISON, JJ., concur.