AUSTIN v. SOCONY VACUUM OIL CO.

1. FRAUD—PRESUMPTIONS.
   Actionable fraud is not lightly presumed.

2. TRUSTS—TRACING FUNDS—EQUITY.
   Equity will allow and encourage tracing of funds wrongfully diverted, but the right upon which the tracing procedure is predicated must be one of equitable cognizance.

3. SAME—TRACING FUNDS—FRAUD—REMEDY AT LAW.
   Bill alleging that certain defendants had contracted with plaintiffs to purchase shares of stock and merchandise of certain corporations but that the purchasers and other defendants secretly represented by purchasers had conspired thereafter to conceal, manipulate, and transfer assets so as to defraud plaintiffs by making the tracing of the correct sums due difficult or impossible *held,* insufficient to warrant granting equitable relief, there being no allegation of fraud in the procurement of the contract, as plaintiffs' remedy for enforcement of simple contract for sale of merchandise is in an action at law.

4. Equity—Jurisdiction—Fraud.

    Equitable jurisdiction is not based on the mere allegation of fraud without supporting data, such jurisdiction requiring more than an epithet or a label.

5. Same—Jurisdiction—Adequate Remedy at Law—Discovery.

    Discovery is not in itself a ground for equitable interference, and such discovery as is necessitated by complication of books and records of corporation organized to take over stock and merchandise of companies plaintiffs had owned is afforded them in an action at law under court rules and statutes (3 Comp. Laws 1929, §§ 13543–13547; Court Rule No. 40 [1933]).

6. Same—Jurisdiction—Adequate Remedy at Law—Contracts—Fiduciaries.

    In controversy arising out of contract whereby plaintiffs, husband and wife, were to be paid a certain sum for the shares of stock of a corporation they owned by a corporation organized by defendant purchasers, acting for themselves and certain other defendants, foreign corporations, as undisclosed principals, which corporation was also to take over merchandise on a cost basis and employ plaintiff husband in a managerial capacity, where controversy arose specifically out of portion of agreement relative to value of merchandise, fact that fiduciary relationship of employer and employee existed was no ground for equitable jurisdiction as. such relationship was not an integral element of theory of relief for breach of a simple contract of sale, the remedy at law for enforcement thereof being adequate.

7. Same—Jurisdiction—Adequate Remedy at Law—Accounting.

    Equitable jurisdiction to require accounting by defendants who have allegedly so complicated inventory records and accounts receivable involved in sale of corporate stock and merchandise as to make an accounting necessary to unravel them is denied where remedy at law is not clearly shown to be inadequate; hence trial court did not abuse its discretion in transferring the cause to the law side of the court (3 Comp. Laws 1929, §§ 13543–13547, 14008, 14318, 14319; Court Rule No. 40 [1933]).

8. Same—Jurisdiction—Adequate Remedy at Law—Multiplicity of Suits.

    Plaintiffs seeking correct determination of sums due under an admittedly valid agreement relative to the sale of corporate stock and merchandise of several corporations may not have

equitable relief to avoid multiplicity of suits because corporation formed to take over such assets is practically without assets but is not shown to be insolvent or unable to satisfy any judgment which plaintiffs might obtain against it and, even if uncollectible, plaintiffs may hold other defendants, not alleged to be uncollectible, as undisclosed principals in an action of assumpsit.

9. SAME—JURISDICTION—MULTIPLICITY OF SUITS—CIRCUITY OF ACTION—ADEQUATE REMEDY AT LAW—JUDGMENT CREDITOR'S SUIT.

Plaintiffs who seek to collect under contract of sale of corporate stock and merchandise against corporation organized to take over for other defendants as undisclosed principals may not have equitable relief so as to avoid multiplicity of suits or circuity of action where further redress against alleged transferees is available through ordinary legal process or witness subpoenae, or, if judgment remains uncollected, by a judgment creditor's suit.

10. CREDITORS' SUIT—JUDGMENT A PREREQUISITE TO JURISDICTION.

Plaintiffs who seek to hold one corporation liable on a contract of sale to it and other corporations, as undisclosed principals, may not maintain a judgment creditor's bill against any defendant until it has secured a judgment.

11. APPEAL AND ERROR—TRANSFER OF CAUSES—DEFENSES—COSTS.

Upon affirmance of order dismissing a bill in equity but permitting plaintiffs to transfer cause to law side of court, plaintiff is allowed to transfer within 10 days from date of opinion subject to any and all defenses to which defendants, or any of them, are entitled; defendants being entitled to costs.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted October 10, 1939. (Docket No. 109, Calendar No. 40,747.) Decided December 19, 1939.

Bill by Charles E. Austin and wife against Socony Vacuum Oil Company, a New York corporation, and others for an accounting, an injunction, and other relief. From order granting dismissal of cause but permitting transfer of case to the law side of the court, plaintiffs appeal. Affirmed and remanded.

*Joseph E. Arsulowicz,* for plaintiffs.

*W. D. Gowans,* for defendant Socony Vacuum Oil Co.

*Kirkbride, Boesel, Frease & Cole* and *Clark, Klein, Brucker & Waples,* for defendants Hickok Oil Corporation, Davis Gasoline Company, Puritan Stations, Inc., Sunny Service Oil Corporation, Petroleum Terminals, Inc., and Zip Oil Company.

*Lewis & Watkins,* for defendant Pure Oil Company.

*Wiley, Streeter & Ford,* for defendant Sun Oil Company.

BUTZEL, C. J. Charles E. Austin and Margaret Austin, his wife, filed a bill of complaint in which they alleged that, as owners of certain shares of stock in the Sunny Service Oil Company and other companies, they entered into negotiations for the sale of the stock with the Hickok Oil Corporation of Ohio and A. S. Hickok, acting for themselves and the Socony Vacuum Oil Company, a New York corporation, Sun Oil Company, a New Jersey corporation, and Pure Oil Company, an Ohio corporation. Plaintiffs claim that at the time they did not know that these latter companies were being represented as undisclosed principals in the transaction; that the purchasers formed the Davis Gasoline Company for the purpose of receiving the stock so transferred, and on November 30, 1932, the sale was made; that the agreement provided that plaintiffs were also to sell all of the 1,000 subscribed, issued and outstanding shares of the Sunny Service Oil Company, at a par value of $10 each, for which the Davis Gasoline Company was to pay plaintiffs $964,300; that, in addition, plaintiffs were to receive an amount equal to all cash

on hand and in the bank on the date of sale less outstanding checks and orders thereon, as well as an amount equal to the value of the stock of merchandise of the Sunny Service Oil Company, reckoned on a cost basis; that the buyers further agreed to pay over the value of certain accounts receivable as they were collected and the value of the merchandise as it was sold, the entire balance to be paid up within one year, but from these latter sums the liabilities of the companies being transferred, however, were to be deducted.

Plaintiffs do not contend that the purchasers failed to pay approximately one million dollars for the stock in the companies as they had agreed, or the amounts collected from the accounts receivable, or that the equivalent of the cash amounts on hand or in the bank was not paid over, or that a provision in the contract for employment of plaintiff Charles E. Austin has not been observed. Rather, the gravamen of the bill is that plaintiffs received only $520,529.44 for the stock of merchandise included in the sale, the true value of which is said to have been at least $559,969.99. Plaintiffs allege that the purchasers and the companies whom they secretly represented conspired after the sale to conceal, manipulate and transfer in devious ways the assets and stock of the Davis Gasoline Company so as to defraud plaintiffs of their rights under the contract and to make tracing of the correct sums due difficult or impossible. The Zip Oil Company, Petroleum Terminals, Incorporated, Puritan Stations, Incorporated, and Hickok Oil Corporation, all Michigan corporations, are made parties defendant as indirect transferees of the assets of the Sunny Service companies or as transferees of the stock of the Davis Gasoline Company. It was not until June, 1937, that plaintiffs claim they first discovered these machinations. An

accounting, discovery and injunction and receivership *pendente lite* were prayed.

Defendants filed various motions to dismiss the bill, claiming among other things that plaintiffs' remedy at law was adequate and that no ground for equity relief against any of the defendants was stated in the bill. The circuit judge ordered the bill dismissed but permitted plaintiffs 10 days from the date of the order of dismissal to transfer the action to the law side of the court. Plaintiffs have appealed from the order.

Scrutiny of the bill of complaint confirms the propriety of the dismissal. It is true that equity will assume jurisdiction in cases of fraud under certain circumstances but this is not such a case. Although it is claimed that the Hickok Oil Corporation of Ohio and A. S. Hickok were acting for themselves and other companies about whom plaintiffs did not know when they negotiated the deal, no fraud is charged in the procurement of the contract. Assuming all the allegations in the bill to be true, the most that is shown is that defendants proceeded to change the books of the Sunny Service Oil Company after the sale so as to place a lower valuation on the merchandise inventory than was proper; that various assets of the Sunny Service Oil Company were transferred to the Puritan Stations, Incorporated, and other defendants, or that these defendants are managing and controlling such assets for the benefit of the various foreign corporations involved, and that these transactions are allegedly "so complicated, intricate and involved, as to make it exceedingly difficult to trace the assets" of the Davis Gasoline Company which were involved in the original sale.

What is here involved is no more than the correct determination of sums due under an agreement, the validity of which is conceded by all parties con-

cerned. All that defendants allegedly have done is to increase the difficulties of fairly judging the amount of such sums due. We know of no reasoning nor authority which supports the imputation of actionable fraud—which is repeatedly held not to be lightly presumed—from the mere complication of plaintiffs' proofs. Equity will allow and encourage tracing of funds wrongfully diverted, but the right upon which the tracing procedure is predicated must be one of equitable cognizance. Here that right arises out of a simple contract for the sale of merchandise and for the enforcement of which the parties have long been confined to actions at law. Even though the allegations are correct, the mere mention of the word fraud, without any supporting data, is insufficient to carry the case to chancery. Equitable jurisdiction does not rest on the persistence with which it is asserted, and although "fraud" is charged in several paragraphs of the bill, the basic essentials of such an action are not made out. So long as the distinction between law and equity remains in our jurisprudence, equitable jurisdiction must be based on more than an epithet or a label. Otherwise, it would be as reasonable to argue that a replevin action becomes a matter for equity when it is alleged that the goods are "fraudulently" withheld, or that assumpsit to collect a debt is similarly transformed by the claim that the debtor "fraudulently" refuses to pay. See *Teft* v. *Stewart,* 31 Mich. 367, 370.

It may be that the complication of the books and records of the Davis Gasoline Company will require discovery. Plaintiffs are afforded full opportunity for such discovery in a law action under Court Rule No. 40 (1933) (3 Comp. Laws 1929, §§ 13543–13547 [Stat. Ann. §§ 27.37–27.41]). Despite plaintiffs' con-

trary contention, discovery is not in itself a ground for equitable interference.

As another possible ground of jurisdiction, plaintiffs suggest that a fiduciary relationship of employer and employee existed. Under the agreement of November 30, 1932, plaintiff Charles E. Austin, who alleges that he had trust and confidence in certain of the defendants, was hired by them for a term of five years to act in a managerial capacity. These facts do not, however, establish any fiduciary relationship relevant to the present cause of action. For, as appellees point out, the right which plaintiffs here assert is based on the payment clauses of the agreement of sale, entered into before the employment began; it is a right which has no connection whatever with the employment relationship established at the same time. Without some integral association of the fiduciary element and the theory of relief, the plaintiffs are no more entitled to decision in a court of equity than they would be able to evade the statute of limitations on actions at law. Cf. *Thatcher* v. *Detroit Trust Co.,* 288 Mich. 410 (122 A. L. R. 282). A contrary logic would lead to the absurd proposition that "A" can sue his neighbor "B" in chancery for trespass to his real property so long as he can show that he was employed by "B." The facts set forth in the present bill expressly negative any inference that a breach of trust is involved save in the sense that the failure to perform a promise is inevitably a breach of the trust reposed by the promisee in the promisor.

The most serious of plaintiffs' arguments is that the records of inventory and accounts receivable have become so complicated and involved by defendants' various activities that an accounting in equity is necessary to unravel them. The trial judge at the hearing stated that a jury was able to do arithmetic

as well as a judge could, that the transactions did not appear to him to be particularly complex, and it would seem that the alleged difficulties in tracing and isolating the funds will vanish after a discovery is had. Assuming, nevertheless, that the transactions are characterized by that inordinate intricacy which plaintiffs allege, it cannot be stated that the remedy at law is clearly inadequate. See 3 Comp. Laws 1929, §§ 14318, 14319 (Stat. Ann. §§ 27.1047, 27.1048); *Broderick* v. *American General Corp.* (C. C. A.), 71 Fed. (2d) 864 (94 A. L. R. 1359); *Harris* v. *Thompson,* 61 Col. 87 (156 Pac. 149). Persuasive factors called to our attention in *Bair* v. *Roosevelt Oil Co.,* 282 Mich. 443, are absent here. The trial court did not abuse its discretion in transferring the cause to law.

Finally, plaintiffs pessimistically conjecture that a vast amount of litigation at law and eventually in equity will be necessary to fix their rights and to provide them with satisfaction. A judgment against Davis Gasoline Company, they contend, would be uncollectible because the assets of that company have been stripped and diverted to other of the defendants. They allege that separate actions to impose constructive trusts on the funds wherever they might be traced would then be required. On the plea of avoiding multiplicity of suits, equity is asked to retain jurisdiction and dispose of the entire matter in one proceeding.

The difficulties which plaintiffs envision are at most hypothetical. Although it is alleged in the bill that the Davis Gasoline Company has ''practically no assets,'' it is not shown that it is insolvent or would be unable to satisfy any judgment which might be obtained by plaintiffs against it. Even if it is uncollectible, plaintiffs can still elect to hold the Socony Vacuum Oil Company, Sun Oil Company and Pure

Oil Company, defendants who are not alleged to be uncollectible, as undisclosed principals in the transaction. Such relief is fully realized by an action in assumpsit. *Hillman* v. *Hulett,* 149 Mich. 289; *Schweyer* v. *Jones,* 152 Mich. 241; *Timmerman* v. *Bultman,* 243 Mich. 344. If further redress is still necessary against the other defendants to whom stock or assets were allegedly transferred, it will be available through ordinary legal process or witness subpoenae, or if a judgment remains uncollected, by a judgment creditor's suit. Plaintiffs cannot maintain a judgment creditor's bill before they have secured a judgment. Within the ordinary accurate meaning of the terms, there is no threat of multiplicity of suits nor circuity of action.

The order of the trial court dismissing the bill but giving plaintiffs opportunity to transfer the cause to law is herewith affirmed. Inasmuch as the appeal seems to have been prosecuted in good faith, plaintiffs may transfer to the law side of the court as provided in the original order within 10 days from the handing down of this opinion, subject, however, to any and all defenses to which defendants, or any of them, are entitled. Defendants will recover costs in this suit.

WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.