KIMMERLE v. DOWAGIAC GAS CO.

1. ACCOUNTING—DEBTOR AND CREDITOR—ASSUMPTION OF LIABILITIES—CORPORATIONS.

It is sufficient in a bill for an accounting, filed by the trustee in bankruptcy of a promoter, that the averments show the promoter was a contract creditor of the defendant corporation, by virtue of an assumption by it of the contract debt of one of its stockholders owing to the promoter.

2. SAME—INSOLVENCY—SUFFICIENCY OF PLEADING.

A bill of complaint sufficiently alleges insolvency which shows that the defendant corporation owes more than it can pay, that suits have been brought against it and judgments rendered which the company cannot pay.

3. SAME—ACTIONS—INSOLVENCY.

Insolvency is not a necessary averment of a bill of complaint against a corporation which avers that the complainant's assignor was the defendant's promoter, that it assumed an obligation due to him from its principal stockholder and arising out of his efforts as promoter, and that an accounting is necessary to determine the amount due.

4. CORPORATIONS—STOCKHOLDERS AND CREDITORS—SUITS.

In so far as it is necessary for such bill of complaint to aver an attempt to procure a settlement from the company, it is sufficient in showing that the corporation was substantially owned by one man, that he had authority to act for the com-

pany and refused to pay the indebtedness to the complainant, and that the latter was denied an examination of defendant's books which had been removed from the State.

5. EQUITY—ADEQUATE REMEDY AT LAW—ACCOUNTING.

The bill of complaint is sufficient as against an objection that the remedy at law is adequate if it sets forth facts which render relief in an action at law difficult and inadequate because of the intricacy of contracts involved in the proceeding and the character of acts done in carrying out their provisions.

6. SAME—MULTIFARIOUS BILL OF COMPLAINT—PLEADING.

It is proper to join as parties defendant in an action for accounting under such contracts, the original debtor, the new corporation which assumed the obligation and a bank which acted as trustee of the assets which were to be transferred to the new corporation, in carrying out the promotion scheme.

Appeal from Cass; Des Voignes, J. Submitted October 12, 1909. (Docket No. 27.) Decided December 10, 1909.

Bill by Charles H. Kimmerle, trustee in bankruptcy of Frank W. Lyle and others, against the Dowagiac Gas Company and others for an accounting. From an order overruling a demurrer to the bill, defendant gas company appeals. Affirmed.

*McKnight & McAllister* (*Charles E. Sweet*, of counsel), for complainant.

*Coy W. Hendryx* (*M. L. Howell*, of counsel), for defendants.

Complainant is the trustee in bankruptcy of Frank W. Lyle, Ira B. Gage, and Leon R. Lyle, copartners under the firm name of Lyle, Gage & Co., and the said parties as individual bankrupts. The defendants are Russell B. Harrison, the Dowagiac Gas Company, and the City National Bank of Kalamazoo. The object of the bill is to reach assets alleged to belong to the estate of said bankrupts, and money and property claimed to be in the pos-

session of the Dowagiac Gas Company and the City National Bank; and for an accounting between the complainant, as assignee of said bankrupts, and defendants Harrison and the Dowagiac Gas Company; and for a lien upon the property of the Dowagiac Gas Company for the amount found to be due. The bank is made a party as the depository or holder of certain bonds, stocks, and notes, specified in the bill of complaint, under certain contracts entered into between Frank W. Lyle, acting for the Dowagiac Gas & Fuel Company, and Harrison, acting for the Dowagiac Gas Company. The bill of complaint and the four contracts, attached to and made a part of it, cover 61 pages of the record. A full statement of the allegations of the bill and the terms of the contracts is not now necessary to a determination of the questions raised.

The bill avers: That the Dowagiac Gas & Fuel Company is a corporation with a capital stock of $90,000, and a mortgage bond issue of $75,000, and was carrying on and conducting a gas and fuel business in the city of Dowagiac; that said Frank W. Lyle was the owner of $85,000 of the capital stock of said company, and the owner of $29,000 of the bonds; that, aside from this amount, only $9,000 of the bonds had been actually sold, and the balance had been deposited as collateral security for loans made by the company; that said Lyle was practically the owner of all the stock and bonds of the company; that he entered into a contract with the defendant Harrison by which he agreed to sell to said Harrison all the property and franchises of the said gas and fuel company; that said Harrison agreed to organize a new corporation, under the name of the Dowagiac Gas Company, with a capital stock of $100,000, and an authorized bond issue of $150,000. Said Lyle agreed to procure from the stockholders of the gas and fuel company a transfer of its property, by proper resolution, free and clear of all debts and claims.

It was agreed that the City National Bank should act

as depository agent under the terms of said contract, ''and pending the completion, execution, and delivery of the bonds and stock of the Dowagiac Gas Company·(in payment of said property, etc., of the gas and fuel company), said depository·shall have the right to issue interim bonds and stock certificates representing the bonds and stocks of the Dowagiac Gas Company, which company is to be immediately incorporated.'' The contract is lengthy, and contains many provisions and conditions to be performed by each party; but we deem it unnecessary to further set them forth. They are intricate, and a careful examination is required to understand and determine the rights of the parties thereunder. Subsequently three other contracts were made and entered into between Lyle and Harrison, modifying the terms of the first contract.

On January 27, 1908, 19 days before Lyle and his copartners filed their petition in the United States court as voluntary bankrupts, the fourth contract was executed by Lyle and Harrison, extending the times of payment by Harrison. The bill alleges that at that time Frank W. Lyle was hopelessly insolvent, and one of the purposes of the bill is to declare that contract void. The bill also alleges: That Mr. Lyle performed his part of the contract and procured the transfer of the property and franchises of the gas and fuel company; that Harrison procured the organization of the defendant the Dowagiac Gas Company; that the Dowagiac Gas Company took over to itself the contract between Harrison and Lyle; and that, in fact, Harrison was a promoter acting for the company to be organized, of which he is the chief stockholder, and over which he has control. The bill also alleges that an accounting is necessary in order to ascertain the amount due from the Dowagiac Gas Company to the complainant as the assignee in bankruptcy of Mr. Lyle. The bill further alleges: That complainant interviewed said Harrison with a view to an adjustment and settlement of the matters and differences between the parties. That he subsequently wrote a letter to said Harrison, who resided in

the city of Indianapolis, Ind., requesting him to come to the city of Dowagiac with a view to settle the matters in dispute.   He received in reply a letter repudiating his obligations, and stating that he had employed an attorney of Chicago to represent him, and another of Dowagiac to represent the Dowagiac Gas Company.   That he thereafter applied to the Dowagiac Gas Company for leave to examine the books and records of said company, and was informed that all the books and records of both companies had been removed from the State of Michigan.   The contract between the parties also provides for an accounting.

The bill prays:

(a) For an accounting.

(b) That the Dowagiac Gas Company be decreed to have ratified and adopted all the acts of said Harrison in the premises.

(c) That the performance of all of the terms and conditions of said contracts be decreed to have been the consideration for the transfer of the property to the Dowagiac Gas Company.

(d) That the amount due and owing under the said contract be found and fixed on said accounting, and that the complainant be decreed to be entitled to the payment thereof.

(e) That said Dowagiac Gas Company be decreed to deliver to complainant a note for the sum of $10,000 secured by the bonds of the Dowagiac Gas Company, as provided in said contracts.

(f) That complainant be decreed to have a vendor's lien upon the property of the said Dowagiac Gas Company.

(g) That the defendants be required to return all the records, papers, and books of the Dowagiac Gas Company and the Dowagiac Gas & Fuel Company which it has removed from the State of Michigan, and produce the same for the inspection and examination of complainant.

(h) That a receiver be appointed.

To this bill of complaint the defendant interposed a demurrer for the following reasons:

(1) The bill does not show any contract relation between the complainant and the defendant the Dowagiac

Gas Company, or between said Lyle and said company.

(2) The bill does not show that defendant is indebted to complainant.

(3) It does not show that complainant is a creditor or representative or assignee of any creditor of the defendant.

(4) That the bill does not set forth any facts upon which to base a claim that the defendant Dowagiac Gas Company is insolvent.

(5) That complainant made no effort through defendant's proper officers to obtain relief.

(6) That complainant has an adequate remedy at law.

(7) The bill shows no necessity for an accounting or discovery.

(8) The bill states no grounds for equitable relief.

(9) That the bill is multifarious.

The court below overruled the demurrer.

GRANT, J. (*after stating the facts*). 1. The first three grounds of the demurrer may be considered together. They are, in substance, that complainant has shown no legal interest in the transactions between Frank W. Lyle and the Dowagiac Gas & Fuel Company, on the one side, and the defendants Harrison and the Dowagiac Gas Company, on the other. Complainant, as the assignee in bankruptcy of Mr. Lyle, succeeded to all his property and interests. If Mr. Lyle had any claim against the defendants, that claim passed, by the assignment, to complainant. If Mr. Lyle was a creditor, his assignee is also a creditor. All the contract relations between Mr. Lyle and the defendants passed by the assignment to the complainant. The same is true of the bankrupt copartnership which did a banking business. The bill avers that the defendant Dowagiac Gas Company assumed and agreed to pay to the bankrupt copartnership a note of $14,920, that the defendant Harrison was indebted to Mr. Frank W. Lyle in the sum of $48,000 on his contract with Lyle, and that said contract was assumed by the defendant Dowagiac Gas Company. If the allegations of the bill are true, then this contract was

taken over by the defendant company, and it is liable thereunder. *Esper* v. *Miller*, 131 Mich. 334 (91 N. W. 613).

2. If it were necessary to allege the insolvency of the defendant company, we think the allegations are sufficient, even if it were necessary to allege the facts upon which such insolvency is based. The bill (paragraph 35*a*) expressly alleges the insolvency, a statement made by Harrison that it owes more than it can pay, and that suits have been brought against it in which judgments have been rendered, or are about to be rendered, which the company is unable to pay; but we fail to understand wherein the solvency or insolvency of the defendant company is material. The rights of the complainant do not in any wise depend upon the solvency or insolvency of the company. That question affects, not the remedy, but the amount complainant can realize if he succeeds in maintaining his suit upon the hearing.

3. The bill alleges an effort made to settle matters through Mr. Harrison, who it is alleged is substantially the owner of the corporate property. The bill avers his own admission that he had authority to act for the company, for, in his letter, he informed complainant that he had employed two attorneys, one to represent him, and the other to represent the company, that complainant then applied to the office of the company at Dowagiac, was denied an examination of defendant's books and records, and was informed that they had been removed from the State. These attempts at a settlement were sufficient, even if it were necessary to allege and prove them.

4. The bill states a case peculiarly appropriate for the interposition of a court of equity. It is not enough that complainant might have brought a suit at law. It is sufficient to show that his remedy at law would not be adequate. *Blodgett* v. *Foster*, 114 Mich. 688 (72 N. W. 1000, 68 Am. St. Rep. 504), wherein it was held that a suit in equity for an accounting would lie though all the accounts were on one side, but there were circumstances of

great complication or difficulty in the way of adequate relief at law.

It was said in *Williams* v. *Neely,* 134 Fed. 1 (67 C. C. A. 171, 69 L. R. A. 232):

" The adequate remedy at law which will deprive a court of equity of jurisdiction is a remedy as certain, complete, prompt, and efficient to attain the ends of justice as the remedy in equity"—citing authorities.

The reading of the long and intricate contracts in this case, and the averments as to what was done under them, would convince even a layman that a suit at law with a jury would be inadequate.

5. The seventh and eighth grounds of the demurrer are disposed of by what has already been said.

6. The bill is not multifarious. All the defendants are shown by the averments of the bill to be connected with the contracts set up in the bill of complaint. The bank is made trustee, and is alleged to have some of the assets in its possession. It requires no argument to show that the relation between Harrison and the defendant company is such as to make them not only appropriate, but necessary, parties to the bill.

The decree is affirmed, with costs, and the case remanded to the court below for further proceedings in accordance with the rules and practice of the court.

BLAIR, C. J., and MOORE, McALVAY, and BROOKE, JJ., concurred.