PEOPLE *v.* DETROIT, GRAND HAVEN & MILWAUKEE
RAILWAY CO.

1. TAXATION — LACHES — EQUITY PLEADING — DEMURRER — FRAUD
—ESTOPPEL—LIMITATION OF ACTIONS—RAILROADS.

On demurrer to a suit in equity by the State for taxes fraudu-
lently withheld by a railroad corporation covering a period of
more than 50 years, the questions of estoppel, laches, and
statutes of limitation could not properly be determined in
advance of the hearing. *People* v. *Railroad Co.*, 145 Mich.
140 (108 N. W. 772)

2. SAME—APPEAL AND ERROR—SPECIAL DEMURRERS.

As to grounds of the demurrer applying to part of the relief
only, the order overruling such demurrer was not appealable.

3. SAME—EQUITY — INFORMATION — BILL OF COMPLAINT — AMEND-
MENT.

An information filed by the auditor general in behalf of the
State to compel the payment of such taxes, containing suf-
ficient averments to constitute a valid bill in equity and hav-
ing proper parties, may be treated, on appeal from an order
overruling a demurrer which presented the point that the
cause should be instituted by bill instead of an information,
as a proper bill of complaint, to avoid costs and delay inci-
dent to an amendment.

4. SAME—CHARTER—RAILROADS.

A railroad company incorporated in 1834 under a special char-
ter that was silent as to taxation, was liable to specific taxa-
tion under the provisions of section 5, chap. 21, Rev. Stat.
1846.

5. SAME—PARTIES—AUDITOR GENERAL.

Statutes being silent as to the method of collecting such tax, it
was permissible to institute suit in the name of the people on
the information of the auditor general and attorney general,
notwithstanding that the provisions of Act No. 82, Pub.
Acts 1855, require payment to be made to the State treasurer.

6. SAME—ADEQUATE REMEDY AT LAW.

Since section 7, chap. 21, Rev. Stat. 1846, expressly authorizes
suit in equity on refusal to pay the tax, part of the tax fraud-
ulently withheld may be recovered in chancery which, inde-
pendently of the statutory provisions, has concurrent juris-
diction with the law courts.

Appeal from Kent; McDonald, J.  Submitted November 6, 1911.  (Docket No. 52.)  Decided March 12, 1912.

Information by the people of the State of Michigan on the relation of Oramel B. Fuller, auditor general, and Franz C. Kuhn, attorney general, against the Detroit, Grand Haven & Milwaukee Railway Company for an accounting and to collect taxes due and fraudulently withheld.  From an order overruling a demurrer to complainant's information, defendant appeals.  Affirmed.

*L. C. Stanley* (*H. Geer* and *H. R. Martin*, of counsel), for appellant.

*Franz C. Kuhn*, Attorney General (*Roger I. Wykes*, of counsel), for appellee.

BLAIR, J.  This is a suit commenced in the circuit court for the county of Kent, in chancery, by the people, represented by the auditor general and the attorney general of this State, against the defendant railway company for a discovery and accounting with respect to alleged unpaid taxes by the defendant, extending over the period from the year 1855 up to the commencement of the suit and to foreclose a lien upon defendant's property for such taxes; and, further, to confirm the action of the auditor general in undertaking to fix the value of the defendant's capital stock paid in at the time of his action in that regard in the years 1909 and 1910 at a certain amount, and to foreclose a lien upon defendant's property for unpaid taxes based on such alleged valuation; and, generally, to have it determined that the defendant's capital stock paid in is greater in amount than the basis on which it pays taxes.  The suit was commenced by filing what was therein called an information and petition.  The defendant demurred to the information and petition, its demurrer was overruled by the circuit court, and it has duly appealed to this court from the order overruling its de-

murrer. For the purposes of this appeal, the facts set forth in the information and petition must be taken as true.

The reasons assigned in support of the demurrer are as follows:

"(1) Chancery Rule 1, subd. *a*, provides that all suits in chancery shall be commenced by bills of complaint, while the said informants and petitioners have attempted to commence this suit by information and petition. The suit is therefore improperly commenced.

"(2) The said information and petition purports to be filed to recover from this defendant certain alleged sums which it is claimed this defendant owes to the State of Michigan on account of taxes. By section 9 of Act 140 of the Session Laws of 1855, which is the contract regulating the taxes payable by this defendant, such taxes are made payable to the State treasurer. Therefore, the said auditor general and attorney general cannot maintain this suit to recover said alleged unpaid taxes.

"(3) The said information and petition alleges that in the years 1909 and 1910 the said auditor general fixed and determined the capital stock paid in of this defendant at the sum of $7,000,000, but this defendant is advised and submits that said auditor general had no legal authority whatever to fix and determine the amount of its capital stock paid in, and that his alleged action in that respect is wholly void and of no effect.

"(4) Under and by virtue of the laws of this State, no lien has attached or could attach to any of the property, road, charter, and franchises of this defendant on account of any alleged unpaid taxes, but the sole remedy which the State of Michigan would have for the recovery thereof would be an action at law. Therefore, this suit cannot be maintained to establish and foreclose any such alleged lien.

"(5) The State of Michigan is estopped from setting up or claiming that this defendant's capital stock paid in is other than the amount annually reported by this defendant.

"(6) The State of Michigan has been guilty of such gross laches that it is not entitled to relief in this suit.

"(7) The State of Michigan is barred by the statute of limitations in such case made and provided from recovering from this defendant any of the alleged unpaid taxes.

" (8) The State of Michigan has an adequate remedy at law for the relief which is sought in this suit."

The fifth, sixth, and seventh grounds of demurrer cannot be determined in advance of a hearing. *People* v. *Railroad Co.*, 145 Mich. 140 (108 N. W. 772).

The third and fourth grounds of demurrer go only to a part of the relief asked, and the order overruling the demurrer as to those grounds is not appealable. *Kerr* v. *Rupp*, 144 Mich. 269 (107 N. W. 1059); *Case* v. *Longyear*, 168 Mich. 434 (134 N. W. 459).

There remain for our consideration, therefore, the first, second, and eighth grounds of demurrer.

1. The practice of commencing a suit in chancery, where the State's interests are involved, by filing an information in the nature of a bill in equity has obtained since the adoption of Chancery Rule 1, subd. *a*, apparently without objection. *People* v. *Railroad Co., supra; State* v. *Land Co.*, 160 Mich. 680 (125 N. W. 770). Section 434, 1 Comp. Laws, provides that:

" When it may be necessary to file a bill or information or to commence any proceedings in chancery on the part or in behalf of the State, the same may at the election of the attorney general be commenced in the circuit court for the county of Ingham, in the equity side thereof, and said court shall have complete jurisdiction and full power and authority in the premises."

Proceedings to enforce liens under the inheritance tax law are required to be instituted by information. Act No. 155, Pub. Acts 1907. It was not the intention of the rule to change the well-established practice to commence suits by information to protect the interests of the State but, as intimated by the learned annotator, to do away, so far as possible, with the practice of instituting suits in chancery by petition. Furthermore, the information is, except in name and style, a bill of complaint in supplicatory form containing the usual prayer for relief, except that "the said informant prays" instead of "your orator" or "complainant." In view of the fact that the only effect of sus-

taining the demurrer on this ground would be to make costs and delay, since it is conceded that the information could be amended by the changing of a few technical words and the informants would be the parties complainant, we think it should be treated as a bill of complaint.

2. The defendant was originally incorporated under the name of the Detroit & Pontiac Railroad Company in 1834 (Vol. 3, Territorial Laws, p. 1287). Its charter was silent as to taxation, and it was therefore held liable to the specific tax imposed by section 5, chap. 21, Rev. Stat. 1846, p. 121. *People* v. *Railroad*, 1 Mich. 458.

Said section 5 provides for a yearly tax of ¾ of 1 per cent. on capital stock to be paid "into the State treasury," etc. Section 6 provides that such tax shall be in lieu of all other taxes. Section 7 provides that:

"If any such incorporated company shall neglect or refuse to pay the tax aforesaid on or before the said first Monday of October, the State treasurer shall immediately furnish the name of every such company so neglecting or refusing to pay such tax to the attorney general, with the amount due from each; and the attorney general shall thereupon file a bill in the court of chancery against every such company, for the discovery and sequestration of its property."

Section 45 of Act No. 82 of the Session Laws of 1855, providing for the incorporation of railroad companies, approved February 12th and given immediate effect, provides that:

"Every corporation formed under the provisions of this act shall, on or before the first day of July, pay the State treasurer, an annual tax of one per cent. on the capital stock of said company paid in, which tax shall be in lieu of all other taxes;  *  *  *  the said tax shall be estimated upon the last annual report of said corporation, but nothing contained in this section shall apply to any existing corporation."

Section 9 of Act No. 140 of the Session Laws of 1855, approved February 13th, provides that:

"The said company shall on or before the first day of July pay the State treasurer an annual tax of one per cent. on the capital stock of said company paid in, which tax shall be in lieu of all other taxes, except for penalties imposed upon said company by its act of incorporation, or any other law of this State. The said tax shall be estimated upon the last annual report of said corporation."

The act is silent as to the method of collecting the tax, as is said Act No. 82. There is no provision that the State treasurer shall enforce collection, nor can any justifiable inference be drawn that such was the intention. On the contrary, considering other statutes *in pari materia*, the natural inference is that defendant's taxes were to be collected in the usual manner of collecting such taxes. In our opinion, this matter is not in any wise regulated by defendant's contract with the State, and the question is therefore ruled against it by *Auditor General* v. *Railroad Co.*, 82 Mich. 426 (46 N. W. 730).

8. In considering this ground, we exclude the question whether the State has a lien for its taxes upon defendant's property.

The bill prays for a discovery and an accounting as to the amount of capital stock paid in for many years and, aside from the claimed lien, the foundation for the relief prayed is the intentional fraud, concealment, and misrepresentation of defendant in making its reports.

Section 7 of chapter 21, above quoted, expressly authorizes a suit in equity where the company neglects or refuses to pay the tax, and by reasonable inference a suit in equity would lie to recover a part of the tax fraudulently withheld.

We are also of the opinion that, independent of the statute, the chancery courts have concurrent jurisdiction. *Blodgett* v. *Foster*, 114 Mich. 688 (72 N. W. 1000, 68 Am. St. Rep. 504); *Kimmerle* v. *Gas Co.*, 159 Mich. 34 (123 N. W. 565); *Fred Macey Co.* v. *Macey*, 143 Mich. 138 (106 N. W. 722, 5 L. R. A. [N. S.] 1036); *Culver* v. *Avery*, 161 Mich. 322 (126 N. W. 439).

The order is affirmed, with leave to defendant to answer in accordance with the rules and practice of the court and the statute in such case made and provided.

MOORE, C. J., and STEERE, MCALVAY, BROOKE, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.