SECOND MICHIGAN COOPERATIVE HOUSING ASSOCIATION
v. FIRST MICHIGAN COOPERATIVE HOUSING ASSOCIATION.

1. FRAUD—EVIDENCE.
    Evidence, presented in suit for accounting between 2 nonprofit corporations which had been organized by same person and whose funds had been commingled, *held*, insufficient to establish fraud.

2. EQUITY—MOTION TO DISMISS—JURISDICTION—ACCOUNTING.
    Denial of motion to dismiss original bill of complaint in suit for accounting and for other relief and in accepting jurisdiction in equity was proper, where the activities of one person who had organized both nonprofit corporations had resulted in the commingling of their funds and complicated dealings necessitated hiring an accountant to straighten out the tangle and required an accounting.

3. ACCOUNTING—ADEQUACY OF REMEDY AT LAW.
    A suit in equity for an accounting is proper, though the accounts are not mutual, if there are circumstances of great complication or difficulty in the way of adequate relief at law, as such remedy is generally more complete than afforded by remedy at law.

REFERENCES FOR POINTS IN HEADNOTES
[2] 1 Am Jur, Accounts and Accounting § 51 *et seq.*
[3] 1 Am Jur, Accounts and Accounting § 53.
[4, 5] 19 Am Jur, Equity § 127.

4. EQUITY—JURISDICTION—COMPLETE RELIEF.
   Equity should determine all the rights of the parties, once it
   has taken jurisdiction of proceedings.

5. SAME—ACCOUNTING—FRAUD—JURISDICTION—REMEDY AT LAW.
   Entry of a decree by the lower court determining the rights of
   the parties is ordered, where, although the plaintiff failed to
   substantiate its claim for relief by way of accounting or for
   fraud, jurisdiction had been taken to make such determination
   and it was shown defendant was entitled to money decree
   and should not have been remanded to its remedy at law.

Appeal from Oakland; Doty (Frank L.), J.   Submitted October 7, 1959.   (Docket No. 18, Calendar No. 46,832.)   Decided November 25, 1959.

Bill by Second Michigan Cooperative Housing Association against First Michigan Cooperative Housing Association, both Michigan nonprofit corporations, for accounting and other relief because of commingling of funds.   Cross bill praying for money judgment.   Bill dismissed.   Cross bill dismissed without prejudice to transfer case to law side of court.   Defendant appeals.   Reversed and remanded for entry of decree determining rights of parties.

*Earl N. Nash* and *George A. Cram,* for plaintiff.

*Maurice A. Merritt,* for defendant.

EDWARDS, J.   This litigation is the aftermath of an attempt to organize 2 co-operative housing associations under the Federal housing act to build housing for their members in Oakland county.   After organization of the First Michigan Cooperative Housing Association as a nonprofit corporation, the F.H.A. apparently disagreed with the size of operation contemplated and hence the Second Michigan Cooperative Housing Association was formed with some

members of First Michigan being transferred to Second Michigan.

The entire scheme was apparently the brainchild of one Fred B. Collier who acted as organizer of both corporations and subsequently as comptroller and co-ordinator of First Michigan and trustee for the 139 members who incorporated Second Michigan. This record shows that Collier acted for both associations in the arrangement of loans, purchase of land and letting of construction contracts.

Ultimately the construction contractor hired to build the homes became insolvent and its creditors initiated bankruptcy proceedings in Federal district court. At this point the 2 associations hired an accountant to attempt to straighten out the financial tangle which had resulted from Collier's commingling of the funds of each.

Second Michigan filed a bill of complaint reciting much of the above history and contending that upwards of $100,000 belonging to its members had been used for the construction of homes by First Michigan. As relief, it sought a temporary injunction against First Michigan transferring title of any homes to its members, an accounting as to all funds belonging to Second Michigan, and a lien on First Michigan's property as to funds found to be due to Second Michigan. The bill of complaint in general terms also alleged fraud.

First Michigan answered by denying that plaintiff Second Michigan was entitled to an accounting and claiming that it had an adequate remedy at law. It also filed a motion to dismiss the bill of complaint, which was denied. In denying the motion to dismiss, the chancellor said:

"It appears from the bill of complaint, viewed in the light most favorable to the plaintiff, that the said Collier who was the coordinator of the First Michigan and the agent and 'moving spirit' in getting

both corporations started, commingled funds collected from the said 283 prospective members (from which the 2 said corporations were ultimately formed), placed said funds (less the said $13,597.99) in the bank account of defendant, First Michigan, and that no satisfactory accounting has been had.

"Regardless of how innocent those now in charge of the affairs of the corporation may be of any acts that brought about the situation here complained of, the broad principles of equity require that the defendant, First Michigan, account to the plaintiff, Second Michigan, for moneys dealt with in paragraphs 8 and 9 of its bill of complaint. The bill of complaint must therefore stand as to plaintiff's request for an accounting."

Thereupon First Michigan filed a cross bill of complaint claiming in its turn that transactions between the 2 corporations and the commingling by Collier of the funds of each actually resulted in expenditures of First Michigan funds on behalf of Second Michigan to an amount exceeding $30,000. The cross bill of complaint prayed a money decree and a lien upon lands owned by Second Michigan.

The 2 claims were heard before a circuit judge in Oakland county circuit court. Each party presented testimony at some length as to the relationships between the parties.

As between the present parties to this appeal, it is clear that no fraud was proved. It appears equally clear, however, that what was accomplished was an accounting between them.

At the conclusion of testimony, the chancellor decided that plaintiff Second Michigan had failed to establish its right to equitable relief and hence dismissed its bill of complaint. As to cross-plaintiff First Michigan, the chancellor decreed that it had an adequate remedy at law and hence dismissed the cross bill of complaint.

We believe the chancellor was right in denying the motion to dismiss the original bill of complaint and in accepting jurisdiction in equity over this proceeding. The commingling of funds and the complicated dealings between these 2 corporations resulting from the activities of Collier were such as to require an accounting.

A suit in equity for an accounting is proper, though the accounts are not mutual, if there are circumstances of great complication or difficulty in the way of adequate relief at law. *Blodgett* v. *Foster,* 114 Mich 688 (68 Am St Rep 504); *Kimmerle* v. *Dowagiac Gas Co.,* 159 Mich 34.

See, also, 4 Pomeroy's Equity Jurisprudence (5th ed), § 1421.

Generally, too, the remedy in a suit in equity for accounting is better and more complete than afforded by the remedy at law. *Lewis J. Selznick Enterprises* v. *Harry I. Garson Productions,* 202 Mich 111. *Cf.* CL 1948, § 618.68 (Stat Ann § 27.1048).

At the completion of the accounting sought by Second Michigan, the chancellor apparently felt that Second Michigan had not established entitlement to relief. He noted that First Michigan in its cross bill had not sought an accounting but had sought a money decree. He therefore dismissed the proceedings as to both, remanding First Michigan to its remedy at law.

This result would, of course, necessitate the retrial on the law side of the Oakland circuit court of a matter which has already been accorded a full hearing in equity. We do not believe that this is in keeping with settled principles of equity jurisprudence or sound judicial administration.

This Court has said:

"Equity, having once taken jurisdiction of these proceedings, should determine all the rights of the

parties. *Culver* v. *Avery,* 161 Mich 322; *Burgess* v. *Jackson Circuit Judge,* 249 Mich 558. See *Koontz* v. *Bay Circuit Judge,* 224 Mich 463." *Ollig* v. *Eagles,* 347 Mich 49, 59.

This rule is phrased thus in Pomeroy:

"Where a court of equity has obtained jurisdiction over some portion or feature of a controversy, it may, and will in general, proceed to decide the whole issues, and to award complete relief, although the rights of the parties are strictly legal, and the final remedy granted is of the kind which might be conferred by a court of law." 1 Pomeroy's Equity Jurisprudence (5th ed), § 231.

The reasoning underlying our decision was stated in the third volume of Michigan Reports with a clarity on which we cannot improve:

"But it has often been held, and in New York and some of the other States, it is regarded as a settled rule, that where a court of chancery has gained jurisdiction of a cause for any purpose of relief, it will retain it, for the purpose of giving full relief. 1 Story Eq Jur, § 71, note 2, and cases there cited; *Bradley* v. *Bosley,* 1 Barb Ch (NY) 125, 151; see also, 2 Harris Ch 286.

"This is a rule of such practical utility in promoting the ends of justice—preventing unnecessary suits, saving expense, and avoiding delay, as commends itself strongly to our approbation, and the case under consideration is one where it may well be applied." *Whipple* v. *Farrar,* 3 Mich 436, 446 (64 Am Dec 99).

Reversed and remanded for any further proceedings deemed warranted and the entry of a decree determining the rights of the disputing parties.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, VOELKER, and KAVANAGH, JJ., concurred.