BASINGER v PROVIDENT LIFE & ACCIDENT INSURANCE CO.

1. EQUITY—JURISDICTION—BASIS—ACTION FOR ACCOUNTS.
   A basis for equitable jurisdiction must exist before equitable jurisdiction may be invoked, even where a matter before a court is one of accounts.

2. CONSTITUTIONAL LAW—TRIAL BY JURY—PREVIOUS JURISPRUDENCE.
   The Michigan constitutional provision that the right of trial by jury shall remain means the right as it had become known to the previous jurisprudence of the state (Const 1963, art 1, § 14).

3. EQUITY—RIGHT TO JURISDICTION—TRIAL BY JURY—CONTRACTS—IN-SURANCE—INADEQUATE REMEDY.
   The right to have equity controversies dealt with by equitable methods is as sacred as the right to trial by jury, but a beneficiary's right of action on an insurance contract is purely legal and equitable jurisdiction may be invoked only where the common law remedy is inadequate.

4. EQUITY—CHANCERY COURTS—DISCOVERY POWERS—ACCOUNTINGS—SUIT FOR SUM CERTAIN—COMPLEX TRACING.
   Chancery courts with their extensive powers of discovery and their ability to render accountings are better equipped to handle matters of accounting where the accounts involved are greatly complicated, but a suit for a sum certain due under a policy of life insurance seeks a complete and full remedy which may be granted at law and is not cognizable in equity under the auspices of an equitable accounting irrespective of the purported complexity in tracing premium payments.

5. EQUITY—JURISDICTION—INJUNCTION—RETAINING JURISDICTION—ACCOUNTING—SPECIFIC SUMS.
   A court which secures equity jurisdiction in a suit for injunction may retain jurisdiction in order to grant alternative relief for

REFERENCES FOR POINTS IN HEADNOTES
[1, 4, 5–7] 1 Am Jur 2d, Accounts and Accounting § 50 *et seq.*
[2] 47 Am Jur 2d, Jury § 7 *et seq.*
[3] 44 Am Jur 2d, Insurance § 1900

an accounting; but an accounting may not be had where the action is for a specific sum due under contract.

6. EQUITY—JURISDICTION—ACTION FOR ACCOUNTS—TESTS.

The test for the jurisdiction of equity in an action to account is whether the issues are so numerous and so distinct and the evidence to sustain them so variant, technical and voluminous that a jury is incompetent to intelligently deal with them and come to a just conclusion.

7. ACTION—EQUITY—JURISDICTION—ACCOUNTING—LEGAL REMEDY—PLAINTIFF'S RIGHTS.

A judgment may be obtained on a complicated account in a law action involving many issues, and where equity may be a better forum to determine the questions involved transfer to a court of equity should be had only if the plaintiff's rights will not be jeopardized.

Appeal from Oakland, Farrell E. Roberts, J. Submitted December 4, 1975, at Detroit. (Docket No. 21828.) Decided January 26, 1976.

Complaint by Ruth Basinger against Provident Life & Accident Insurance Co. seeking the proceeds of a policy of life insurance. Defendant moved to strike the jury. Motion granted. Plaintiff appeals by leave granted. Reversed.

*Earl D. Sullivan* and *Frank Iannelli,* for plaintiff.

*Patterson & Patterson, Whitfield, Manikoff & White* (by *Lawrence R. Ternan* and *Gretel S. Robinson),* for defendant.

Before: J. H. GILLIS, P. J., and ALLEN and M. J. KELLY, JJ.

ALLEN, J. Plaintiff appeals by leave from an

order granting defendant's motion to strike the jury in this action brought by a beneficiary to recover life insurance proceeds.

April, 1961, defendant issued two insurance policies on the life of Lysle Basinger. Policy number 309999 was owned individually by Basinger. Policy number 309998 was owned by Basinger Incorporated. Both policies had a face value of $50,000 and were made payable to plaintiff as beneficiary.

Basinger made payments by mailing one check to cover the premiums due on the policies to the Harold Norman Agency—defendant's general agent who had sold Basinger the policies.[1] On several occasions Mr. Basinger paid his premiums after the policies had lapsed, and often, premiums were paid by charging a loan against the cash value of the policies. After the Basinger Corporation became defunct, policy number 309998 lapsed for nonpayment on May 13, 1966. Basinger continued to pay premiums on policy number 309999, and checks from him were apparently accepted by the agency as late as April, 1968. On July 2, 1968, Mr. Basinger died.

When an attempt to collect the proceeds from policy 309999 proved unavailing, plaintiff filed a complaint in circuit court alleging that the policy was not in default on the date of her husband's death, and seeking $70,000 in damages. Defendant denied the allegation. It set forth the affirmative defense that the policy had lapsed for nonpayment on February 13, 1968. Following extensive discovery, plaintiff filed an amended, and more detailed, complaint seeking damages in the amount of the

---

[1] The Harold Norman Agency collected premiums due on each policy, maintained records for each account on one ledger sheet, and sent premiums to defendant.

face value of the policy.[2] Defendant reasserted its previous defense,[3] and moved to strike the jury on the theory that the action was one of equitable accounting. The lower court ruled that:

"This cause is an action in accounting and is therefore equitable. The Motion to Strike is granted."[4]

The essence of plaintiff's theory on appeal is that when the lower court struck the jury it abridged her right to jury trial since a suit to recover proceeds under a life insurance policy constitutes an action at law.[5]

Defendant contends that upon factual test the instant action is a complex accounting action historically cognizable in equity.[6] It argues that the lower court properly exercised its discretion in

---

[2] Plaintiff alleges in her complaint that defendant or its general agent commingled premium payments on the policies, applied premium payments on policy 309999 to policy 309998 after the latter had lapsed, accepted and retained two payments after the purported lapse of policy 309999 in February 1968, refused a payment in May, 1968, and was guilty of improper notice, waiver and estoppel.

[3] In its answer, defendant maintained that as of February 13, 1968, the total indebtedness under the policy's loan provision equaled or exceeded the cash value of the policy, that plaintiff failed to take steps to have the policy reinstated within the grace period, and is therefore estopped from claiming that it continued up to the insured's death. The defendant asserts plaintiff is guilty of laches, and is estopped by her inaction from raising the accounting procedures used by defendant.

[4] If the lower court means by its opinion that any time the action is one of accounting, it is necessarily equitable, we cannot agree. Even if the matter is one of accounts, a basis for equitable cognizance must exist.

[5] Plaintiff cites numerous decisions for the proposition that a court should not take fact questions from the jury. The authorities are inapposite. They have little to do with the issue whether this case involves fact issues traditionally heard on the equity side of court.

[6] Defendant refers the Court to the following cases: *Abner A Wolf, Inc v Walch,* 385 Mich 253, 263–264; 188 NW2d 544 (1971), *Second Michigan Cooperative Housing Ass'n v First Michigan Cooperative Housing Ass'n,* 358 Mich 252, 256; 99 NW2d 665 (1959), *Blodgett v Foster,* 114 Mich 688; 72 NW 1000 (1897).

striking the jury, since, in matters which are historically equitable, the right to trial by court is as sacred as the right to jury trial in a purely legal action.

Article I,. Section 14 of the 1963 Constitution provides that "[t]he right of trial by jury shall remain * * * ". The protection afforded by this provision is the "right to a trial by jury as it had become known to the previous jurisprudence of the State".[7] Since "the right to have *equity controversies* dealt with by equitable methods is as sacred as the right to trial by jury",[8] it is necessary to ascertain whether questions of the instant nature were historically heard on the law or equity side of the court.[9]

Where rights involved were purely equitable, chancery courts had exclusive jurisdiction to order an accounting.[10] Where the rights involved were purely legal, equitable jurisdiction would be invoked only when the common law remedy was inadequate.[11] Since a beneficiary's right of action

[7] *Swart v Kimball,* 43 Mich 443, 448; 5 NW 635 (1880), cited and followed in *Chamberlin v Detroit Edison Co,* 14 Mich App 565, 572; 165 NW2d 845 (1968).

[8] *Brown v Kalamazoo Circuit Judge,* 75 Mich 274, 284; 42 NW 827 (1889). *Also see Detroit Nat'l Bank v Blodgett,* 115 Mich 160, 169–174; 73 NW 120 (1897), *Abner A Wolf, Inc v Walch, supra,* note 6.

[9] *Hackett v Connor,* 58 Mich App 202;. 227 NW2d 292 (1975), 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 414, Joiner & Geddes, *The Union of Law & Equity,* 55 Mich L Rev 1059, 1089–1090 (1957). *See Michigan Mutual Liability Co v Baker,* 295 Mich 237, 243; 294 NW 168 (1940): "Questions historically of equitable cognizance must remain determinable in chancery."

[10] Rivington & Fountaine, Snell's Principles of Equity, p 504.

[11] "It is not in every matter of account cognizable at law that the equitable jurisdiction will be exercised, the general rule being that a proper case is presented when the remedies at law are inadequate." 4 Pomeroy, Equity Jurisprudence (5th ed), § 1420, p 1077. In *Detroit Trust Co v Old Nat'l Bank,* 155 Mich 61, 65; 118 NW 729 (1908), is found the following language: "In this State equity has not taken jurisdiction of cases where a suitor has full, complete, and adequate remedy at law, unless it is shown that there is some feature of the

on an insurance contract is purely legal,[12] the question becomes whether the remedy provided at law is adequate.

In certain cases at common law there existed an action of account.[13] "However, *[o]wing* to the *inconvenience* and difficulty *of adjusting* conflicting *accounts* by a jury, *and* the *inadequacy* of that way of settling them and *ascertaining the true balance,* courts of equity gradually drew to themselves jurisdiction of actions where accounts were involved, until there were very few cases in which a court of equity would not take jurisdiction."[14] The apparent reasons chancery courts were better equipped to handle matters of accounting were their extensive power of discovery[15] and their ability to render accountings:[16]

"Perhaps the most extensively useful of the features of equitable procedure is the facility which it affords for the taking and adjusting of accounts. In actions at law, it was, under the old practice, necessary that plaintiff should *estimate* his claim in a definite sum of money.

case *peculiarly* within the province of a court of equity." (Emphasis added.) *See* 1 Spence, Equitable Jurisdiction, p 648. *Also see* Bispham, Principles of Equity, p 658: "It must not be supposed, however, that a Court of Chancery can draw to itself every transaction between individuals in which an account between parties is to be adjusted. Its jurisdiction is limited by certain restrictions."

[12] *Dunn v Detroit Federation of Musicians,* 268 Mich 698; 256 NW 581 (1934), 14 Mich Law & Practice, Insurance, § 291, p 266, and 46 CJS, Insurance, § 1243, p 235.

[13] Rivington & Fountaine, Snell's Principles of Equity, pp 504–505.

[14] 2 Beach, Modern Equity Jurisprudence, § 838, p 901. (Emphasis added.)

[15] *People v Detroit, G H & M R Co,* 169 Mich 72; 135 NW 87 (1912), *Kimmerle v Dowagiac Gas Co,* 159 Mich 34; 123 NW 565 (1909). Such a basis no longer appears justifiable in light of the availability of discovery for all civil suits. GCR 1963, 301 *et seq., Austin v Socony Vacuum Oil Co,* 291 Mich 513, 519; 289 NW 235 (1939): "It may be that the complication of the books and records of the Davis Gasoline Company will require discovery. Plaintiffs are afforded full opportunity for such discovery in a law action * * * ."

[16] Rivington & Fountaine, Snell's Principles of Equity, pp 504–505.

Supposing the claim to be good in law, it was for the jury to determine on the facts whether the demand was reasonable or excessive in amount, and to give their verdict accordingly. Of course, it was open to the defendant to adduce evidence generally and particularly to show that the plaintiff's claim ought to be reduced; and simple cases of account might well be considered and adjusted by the jury. But it is evident that many cases arise in which the determination of what is justly due to a plaintiff necessarily involves long and difficult inquiries—for instance, it may be necessary to review a series of transactions extending over many years. For such an investigation a jury is clearly incompetent."[17] (Emphasis supplied.)

Thus, in situations where an aggrieved party was unsure of the amount he was entitled to recover, he often sought the concurrent jurisdiction[18] of a chancery court by bringing a bill of accounting alleging equitable cognizance on the basis, among other things,[19] that the accounts involved were greatly complicated.[20]

In the instant case the question of an adequate remedy at law is not placed in jeopardy by the need to adjust accounts in order to ascertain an unknown amount owing plaintiff. Plaintiff is requesting damages in the amount of the face value of the policy. Either defendant owes that specific sum or it owes nothing. Under these circumstances, irrespective of the purported complexity

[17] Smith, The Principles of Equity, pp 556–558.

[18] *Warren v Holbrook,* 95 Mich 185, 189; 54 NW 712 (1893).

[19] Other grounds for equitable jurisdiction in matters of account included a fiduciary relationship, *Clarke v Pierce,* 52 Mich 157; 17 NW 780 (1883), fraud, *Wyckoff v Victor Sewing Machine Co,* 43 Mich 309, 312; 5 NW 405 (1880), and mutual accounts, *Laubengayer v Rohde,* 167 Mich 605, 611; 133 NW 535 (1911).

[20] *See* the cases cited in note 6, *supra.* It has been said that the jurisdiction of equity in matters of account involving no other equitable relief but complication was "concurrent with that of courts of law *in all cases where the common-law action of account would lie".* 2 Beach, Modern Equity Jurisprudence, § 838, p 902. (Emphasis added.)

in tracing premium payments, etc., the action is not cognizable in equity under the auspices of an equitable accounting; the remedy—awarding a sum certain due under the policy—is complete and full:

"If an equity court secures jurisdiction by way of a suit for injunction, it may retain jurisdiction in order to grant alternative relief for an accounting. But an accounting may not be had where the action is for a specific sum due under contract." 20 Appleman, Insurance Law & Practice, § 11531, p 413.[21]

This view is consistent with the jurisprudential law in Michigan.[22] Moreover, the opinions most heavily relied upon by defendant tend to support the just stated position. For example, in *Blodgett v Foster,* 114 Mich 688; 72 NW 1000 (1897),[23] no

[21] 1 CJS, Accounting, § 16 pp 648–649: " * * * [E]quity will not take jurisdiction where there is an adequate and complete remedy at law, as where the account involved is based on a claim which, in effect, is merely for damages for breach of contract, or damages for fraud, and there are no peculiar features of equity jurisdiction." *See also* 1 Am Jur 2d, Accounts and Accounting, § 53, pp 426–427.

[22] *Brown v Brodsky,* 348 Mich 16, 22; 81 NW2d 363 (1957), (Dismissal of a bill of accounting brought in equity by plaintiff to recover a specific money amount based on a contract on ground of adequate remedy at law affirmed. "Jurisdictional requirements essential for the maintenance of a suit in equity not present here.") *Pedowski v Southern Michigan Fruit Ass'n,* 261 Mich 271, 272; 246 NW 58 (1933) ("Upon the facts, plaintiffs have no adequate remedy at law *because the amount due can only be determined by an accounting."),* Lewis J Selznick Enterprises, Inc v Harry I Garson Productions, 202 Mich 106; 167 NW 1010 (1918), (Equity had jurisdiction where a large sum of money was allegedly owed plaintiff from defendant due to a breach of contract and the determination of the amount due requires extensive accounting.) Note also that in the following cases where the jurisdiction of equity was sought on the grounds that the accounts involved were complicated, plaintiffs were not cogent of the exact amount owing and thus none prayed for a specific money decree: *Austin v Socony Vacuum Oil Co,* 291 Mich 513; 289 NW 235 (1939), *Bair v Roosevelt Oil Co,* 282 Mich 443; 276 NW 510 (1937), and *Liquidating Holding Corp v Mortgage & Contract Co,* 258 Mich 476; 243 NW 30 (1932).

[23] In *Blodgett,* plaintiff brought a bill of accounting in equity

specific damages were sought because losses were not known. In *Abner A Wolf, Inc v Walch,* 385 Mich 253; 188 NW2d 544 (1971), the relief requested—foreclosure of mortgage—was purely equitable. In *Second Michigan Cooperative Housing Ass'n v First Michigan Cooperative Housing Ass'n,* 358 Mich 252; 99 NW2d 665 (1959), plaintiff brought a bill of accounting to recover an undetermined amount allegedly owed it by defendant as a result of commingling of funds by their co-founder. Defendant filed a cross-bill praying for a specific money decree. The lower court initially assumed equitable jurisdiction, but later dismissed plaintiff's bill of complaint for failure to establish its right to equitable relief. As to the cross-bill, the lower court ruled that since defendant sought a money decree it had an adequate remedy at law. On appeal, the Supreme Court held it was proper for the court to take equitable jurisdiction as to plaintiff's bill of complaint:

> "A suit in equity for an accounting is proper, though the accounts are not mutual, if there are circumstances of great complication or difficulty in the way of adequate relief at law." 358 Mich at 256. (Citations omitted.)

Further, the Court ruled it was error to have dismissed the cross-bill. It did so, however, not on the grounds that the accounting data was complicated, but, on the principle that once equitable jurisdiction is assumed, the court may proceed to decide the entire case although legal rights of the parties are also involved. It appears evident that if

---

covering transactions involving five lumber contracts. Defendant claimed that an action for damages should have been maintained and thus brought on the law side. The Supreme Court upheld the jurisdiction of equity on the grounds that the accounting matter was one of great complication rendering relief at law inadequate.

a court of equity could properly assume jurisdiction solely because the case involves tracing of accounts even where the aggrieved party seeks a specific money decree, the Supreme Court would have found it unnecessary to ground its decision on a different principle. This seems especially true where the Court utilized the notion of complicated accounts to sustain the taking of equitable jurisdiction as to plaintiff's bill.

However, let us assume *arguendo* that even where a party is seeking a specific money decree allegedly due under an insurance contract, the action may be cognizable in equity because it involves accounting matters of such complication that adequate relief may not be had at law. We discern no such factual circumstances here. The basic fact issue in this case is whether the life insurance policy was in effect at Mr. Basinger's death. Resolution of the question depends upon whether the policy lapsed for nonpayment. A close scrutiny of the amended complaint, interrogatories and answers thereto, and the supporting and opposing briefs on the motion to strike the jury, indicate that it *may* be necessary to trace premium payments from 1961–1968.[24] Further, the practice of paying on both policies with one check, the purported commingling of accounts, and the disputed credits, exemplify the existence of some intricacy. However, we do not believe the matters to be beyond the ken of the contemporary juror.[25]

---

[24] Although the payment period commences on April 13, 1961, the first serious questions do not arise until around May 13, 1966, when policy 309998 lapsed.

[25] "In commenting upon the jurisdiction of equity in such cases (actions to account) it has been well said that the test is: Are the issues so numerous and so distinct and the evidence to sustain them so variant, technical and voluminous that a jury is incompetent to intelligently deal with them and come to a just conclusion?" Bispham, Principles of Equity, p 660. *See also* 1 CJS, Accounting, § 18, pp 652–653.

Modern juries are asked to resolve factual disputes far more intricate than the issue involved here. Since it is evident that the remedy at law is not clearly inadequate,[26] we conclude that the lower court erred in striking the jury. Defendant's argument that if the equitable remedy affords more complete and efficient relief, the legal remedy is necessarily inadequate, is not well taken:[27]

"While a court of equity may be a better forum in which to determine the questions in the instant case, nevertheless a judgment may be obtained on a complicated account in a law action involving many issues, and transfer should only be had if the plaintiff's rights will not be jeopardized." *Liquidating Holding Corp v Mortgage & Contract Co,* 258 Mich 476, 490; 243 NW 30 (1932).

Reversed. Costs to plaintiff.

---

[26] "The most serious of plaintiff's arguments is that the records of inventory and accounts receivable have become so complicated and involved by defendant's various activities that an accounting in equity is necessary to unravel them. The trial judge at the hearing stated that a jury was able to do arithmetic as well as a judge could, that the transaction did not appear to him to be particularly complex, and it would seem that the alleged difficulties in tracing and isolating the funds will vanish after a discovery is had. *Assuming, nevertheless, that the transactions are characterized by that inordinate intricacy which plaintiffs allege, it cannot be stated that the remedy at law is clearly inadequate." Austin v Socony Vacuum Oil Co,* 291 Mich 513, 521; 289 NW 235 (1939). (Emphasis added.) (Citations omitted.)

[27] Reliance upon the language of the Pennsylvania Court cited in *Blodgett v Foster, supra,* to the effect that a bill of accounting may be sustained on the sole ground that it is the "most convenient remedy" is misplaced. Since 1857 statutory law has expressly conferred equitable jurisdiction in matters of accounts on the common pleas courts in that state. It was held in *Schwab v Miller,* 302 Pa 507; 153 A 731 (1931), that the subsequent constitutional provision in Pennsylvania that "trial by jury shall be as heretofore" did not take away jurisdiction of courts in matters of accounting. No such statutory provision existed in Michigan. Likewise, reference to the language in *Haylor v Grigg-Hanna Lumber & Box Co,* 287 Mich 127; 283 NW 1 (1938), for the view that *an accounting matter* may invoke the jurisdiction of equity even though plaintiff's right at law is recognized and a money judgment might afford adequate relief is unjustified when one looks to the case cited for the proposition, *Pedowski v Southern Michigan Fruit Ass'n, supra,* at note 22.