# STATE OF MICHIGAN

# COURT OF APPEALS

SALVATORE DINOTO,

        Plaintiff-Appellant,

v

NU WAY INVESTMENTS, INC., NU WAY
PROPERTIES, L.L.C., NU WAY PROPERTIES
IV, L.L.C., NU WAY HOMES, INC., ROMEO
PLANK INVESTORS, L.L.C., GOLDEN PARK
INVESTMENT, INC., and JOHN DINOTO,

        Defendants-Appellees.

UNPUBLISHED
May 21, 2015

No. 319762
Macomb Circuit Court
LC No. 2012-005371-CZ

Before: WILDER, P.J., and OWENS and M. J. KELLY, JJ.

PER CURIAM.

In this action for an accounting, plaintiff, Salvatore DiNoto, appeals by right the trial court's order dismissing his claim for an accounting and denying his motion for leave to amend his complaint to add additional claims against defendants, Nu Way Investments, Inc., Nu Way properties, L.L.C., Nu Way Properties IV, L.L.C., Nu Way Homes, Inc., Romeo Plank Investors, L.L.C., Golden Park Investment, Inc. (collectively, the Nu Way entities), and John DiNoto. Because we conclude there were no errors warranting relief, we affirm.

Salvatore DiNoto sued the Nu Way entities, which were operated by his relatives, and John DiNoto in 2012; in his complaint, Salvatore DiNoto asked for an accounting of the Nu Way entities. The Nu Way entities were primarily involved in real estate development and construction in Macomb County and by 2012, apparently as a result of the decline in the real estate market, they existed mostly as shell companies. Salvatore DiNoto alleged that he invested or loaned more than $200,000 to the Nu Way entities between 2003 and 2008. He primarily sought an accounting of $185,000 he provided to Romeo Plank to purchase property in Macomb Township that was to be developed as a commercial project. During discovery, the Nu Way entities produced several hundred pages of requested documents and both Salvatore DiNoto and his nephew, Peter DiNoto, who ran the companies, testified at depositions.

-1-

According to information provided during discovery, Romeo Plank purchased the disputed real property for $375,000 with funds provided by Salvatore DiNoto and Greg Stapels. Stapels was allowed to use the property as collateral for a loan from Comerica Bank. Peter DiNoto testified that Salvatore DiNoto consented to the use of the property as collateral, but Salvatore DiNoto denied being aware of that transaction or giving consent. Comerica Bank later foreclosed on the property and purchased it at a sheriff's sale. In January 2011, Romeo Plank redeemed the property for $200,000 and, that same day, conveyed the property to Frank Farnese for $10,000. According to Peter DiNoto, Romeo Plank Investors did not have the funds to redeem the property, but agreed to redeem the property on Farnese's behalf, with funds provided by Farnese, in exchange for $10,000 and satisfaction of another debt owed to Farnese.

After discovery closed, the Nu Way entities and John DiNoto moved for summary disposition under MCR 2.116(C)(10), arguing that Salvatore DiNoto had gained access to all requested records and was able to depose Peter DiNoto, leaving no genuine issue of material fact to resolve. Salvatore DiNoto was not able to identify with specificity any other information he was seeking, but he argued that the transactions involving the property purchased by Romeo Plank amounted to an attempt to "squeeze" him out of his $185,000 loan, and that Romeo Plank used Farnese as a "straw man" to hide assets from its creditors, including him. Salvatore DiNoto moved to amend his complaint to add claims for embezzlement and breach of fiduciary duty against Romeo Plank and an action to quiet title to the property, as well as to add Farnese as a party. He did not, however, submit a copy of any proposed amended complaint setting forth the substance of the claims he sought to add.

Following a hearing, the trial court agreed that Salvatore DiNoto had not established a genuine issue of material fact regarding a need for any additional accounting. Accordingly, it granted the motion for summary disposition. The trial court also denied Salvatore DiNoto's motion to amend his complaint, on the ground that the motion was untimely and that any amendment would be futile.

## I. ACCOUNTING

Salvatore DiNoto first argues the trial court erred in granting the motion by the Nu Way entities and John DiNoto. This Court reviews de novo a trial court's decision on a motion for summary disposition. *Spiek v Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). A motion under MCR 2.116(C)(10) tests the factual support for a claim. *Babula v Robertson*, 212 Mich App 45, 48; 536 NW2d 834 (1995). Summary disposition should be granted if, except as to the amount of damages, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id*.

Salvatore DiNoto maintains that the trial court erred in ruling that his request for an accounting was moot. An issue is moot when the occurrence of an event renders it impossible for the court to fashion a remedy. *Plumbers & Pipefitters Local Union No 190 v Wolff*, 141 Mich App 815, 818; 369 NW2d 237 (1985). For instance, an action seeking disclosure of documents is moot when the requested documents have been produced. See *Densmore v Dep't of Corrections*, 203 Mich App 363, 366; 512 NW2d 72 (1994).

Courts sitting in equity have long had the power to conduct an accounting where the complexity of the transactions at issue were such that it would be inconvenient and difficult for a jury to adjust conflicting accounts. See *Basinger v Provident Life & Accident Ins Co*, 67 Mich App 1, 5-8; 239 NW2d 735 (1976). However, where discovery is sufficient to address the amounts at issue, an accounting is unnecessary. *Boyd v Nelson Credit Centers*, 132 Mich App 774, 779; 348 NW2d 25 (1984).

In this case, Salvatore DiNoto sued for an accounting to obtain information regarding his investments of funds with the Nu Way entities and in particular for an accounting of the $185,000 that he contributed for the purchase of real property by Romeo Plank. Records showed that the property at issue was lost to foreclosure and had since been redeemed by Romeo Plank and transferred to Farnese as part of a deal to satisfy a debt. The Nu Way entities and John DiNoto moved for summary disposition after they provided all requested documentation and Salvatore DiNoto had the opportunity to fully question Peter DiNoto under oath concerning the relevant transactions. Although Salvatore DiNoto argues that there are genuine issues of material fact regarding the various transactions, he has not established a genuine issue of material fact requiring a formal trial to address the accounting. *Id.* Peter DiNoto testified that Romeo Plank no longer has any assets. Salvatore DiNoto was likewise informed that Farnese acquired the property from Romeo Plank, and he has sued Farnese in a separate action involving that matter. Salvatore DiNoto did not identify any failures to comply with discovery and failed to identify any additional information that might be provided during a formal accounting.

In sum, Salvatore DiNoto has not demonstrated any need for an additional accounting. Although he seeks to add additional claims based on the information produced during discovery, and to hold Peter DiNoto and Farnese accountable for their alleged misdeeds, the possible existence of additional legal claims does not establish a further need for an accounting. The trial court did not err when it dismissed Salvatore DiNoto's claim for an accounting.

## II. LEAVE TO AMEND

Salvatore DiNoto also argues that the trial court erred in denying his motion for leave to amend his complaint. This Court reviews a trial court's decision on a motion for leave to amend for an abuse of discretion. *Ormsby v Capital Welding, Inc*, 471 Mich 45, 53; 684 NW2d 320 (2004). A trial court abuses its discretion when its decision falls outside the principled range of outcomes. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 625; 750 NW2d 228 (2008).

When a party moves for summary disposition under MCR 2.116(C)(8), (9), or (10), the trial court should normally give the opposing party an opportunity to amend his pleadings, unless amendment would not be justified. *Ormsby*, 471 Mich at 53; MCR 2.118(A)(2). Normally, a trial court should grant leave to amend under MCR 2.118(A)(2):

> A motion to amend ordinarily should be granted in the absence of any apparent or declared reason, such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. If a trial court denies a motion to amend, it should specifically state on the record the reasons for its decision. [*Cole v*

*Ladbroke Racing Mich, Inc*, 241 Mich App 1, 9-10; 614 NW2d 169 (2000) (citations omitted).]

Salvatore DiNoto argued before the trial court that he wanted to add additional claims and to add Frank Farnese as a party, but he never filed a proposed complaint. He complains that the trial court "did not even attempt to analyze the elements of any claim" that he proposed to add, but he failed to provide the court with a sufficiently detailed account of the proposed claims or to otherwise narrow down his theories. While he discussed possible theories, he left it to the trial court to sort through the facts to determine whether he might be able to adequately allege the elements of any claims. Salvatore DiNoto's failure to allege additional claims in a proposed amended complaint hampered the trial court's ability to provide specific reasons for denying the motion.

Moreover, we agree with the trial court that Salvatore DiNoto failed to show that his proposed claims, such as they were, would not be futile to add by amendment. Salvatore DiNoto proposed adding claims for embezzlement, unjust enrichment (under a piercing the corporate veil theory), and fraudulent transfer. Each of these claims was premised on the individual liability of either Peter DiNoto or Frank Farnese. Salvatore DiNoto has not shown that Romeo Plank, or any of the other Nu Way entities, or John DiNoto, can potentially be liable on any of these theories.

Further, Salvatore DiNoto does not seek to add any new claim against Peter DiNoto, individually, presumably because Salvatore DiNoto already sued Peter in a prior action and Peter filed for bankruptcy protection. Salvatore DiNoto also incorrectly asserts that if Peter DiNoto used Romeo Plank as his "alter ego," Romeo Plank can be held liable for Peter's personal torts. A court sitting in equity may disregard the separate existence of an artificial entity from its owners—that is, pierce the corporate veil—under circumstances where respecting the entity's separate existence would subvert justice. *Wells v Firestone Tire and Rubber Co*, 421 Mich 641, 650; 364 NW2d 670 (1984). Piercing the corporate veil will most commonly be used to hold the entity's owner personally liable for the entity's debts, but in other cases it may be used to protect a shareholder (so-called, reverse-piercing). *Id.* at 650-651. But neither theory involves holding an artificial entity liable—without resorting to agency principles—for an owner or officer's personal liabilities or torts.

As for Frank Farnese, Salvatore DiNoto does not dispute that he has already filed a separate action against Farnese in the Macomb Circuit Court involving the same transaction. It appears that that action has been stayed because Farnese filed a counterclaim against Salvatore DiNoto, and he filed for bankruptcy protection. Salvatore DiNoto has not established that he should be permitted to also pursue claims against Farnese in this case. None of the theories of liability mentioned in Salvatore DiNoto's brief involve the other entities named in this matter. While Salvatore DiNoto correctly asserts that he can pursue multiple claims, but would be limited to a single recovery, he has not demonstrated that he has a viable claim against any of the Nu Way entities, or that Frank Farnese should be added as a party.

On this record, the trial court did not abuse its discretion in denying leave to amend.

There were no errors warranting relief.

Affirmed.

/s/ Kurtis T. Wilder
/s/ Donald S. Owens
/s/ Michael J. Kelly